Docket No. 107441.

IN THE
SUPREME COURT
OF
THE STATE OF ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v.
RAMESH K. SWAMYNATHAN, Appellant.

*Opinion filed January 22, 2010.*

CHIEF JUSTICE FITZGERALD delivered the judgment of the court, with opinion.

Justices Freeman, Thomas, Kilbride, Garman, Karmeier, and Burke concurred in the judgment and opinion.

OPINION

Defendant, Ramesh K. Swamynathan, entered a plea of guilty but mentally ill to one count of first degree murder and was sentenced to 20 years in prison. Nearly two years later, defendant filed a *pro se* motion to withdraw his guilty plea and vacate his sentence, asserting that he was unfit to enter the guilty plea, rendering his plea involuntary. The circuit court of Lake County recharacterized defendant's motion as a postconviction petition and summarily dismissed the petition as patently without merit. Defendant appealed, asserting that the trial court summarily dismissed his petition more than 90 days after the day it was docketed, in violation of the provisions of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122–1 *et seq*. (West 2006)). The appellate court affirmed. 385 Ill.

App. 3d 434. We granted defendant leave to appeal (210 Ill. 2d R. 315), and for the reasons that follow, we affirm.

## BACKGROUND

Defendant was charged with first degree murder after he confessed to stabbing the victim, Ramaro Chittiprolu, 85 times with a knife and vegetable peeler. After stabbing the victim, defendant called 911 and reported the crime. He confessed to police who arrived at the scene of the murder, and confessed again during a formal interrogation. At defendant's first court appearance to set bond, the State requested a fitness evaluation based on reports from the sheriff's department that defendant appeared to be mentally impaired and suicidal. The trial court ordered a fitness evaluation and defendant was subsequently found unfit to stand trial and placed in the custody of the Illinois Department of Mental Health (Department). Some 10 months later, the Department determined that defendant was fit with medication.

The trial court entered a finding of fitness, and also ordered that an interpreter be provided for defendant for all court proceedings pursuant to the Department's assessment of defendant's language skills. The record shows that defendant is a native of India and speaks Tamil, an Indian dialect. Despite this order, many of the proceedings, including the motion to suppress, proceeded without an interpreter, due to the scarcity of Tamil-speaking interpreters. Several discussions concerning defendant's language issues were had on the record, and defendant repeatedly indicated that he could follow the proceedings to some extent in English, but did not understand everything that was being said.

On April 29, 2004, with the aid of an interpreter, defendant entered a plea of guilty but mentally ill. The sentencing hearing commenced on May 27, 2004, and defendant was sentenced to 20 years in prison. He did not file a direct appeal. Nearly two years later, on April 10, 2006, defendant filed a motion to withdraw his guilty plea and vacate his sentence. The motion was placed on the call of a different judge from the judge who originally presided over defendant's case, and the matter was continued twice for ministerial reasons. On May 23, 2006, the trial court and the State discussed

defendant's motion on the record, although defendant was not present. The State advised the trial court that defendant's motion was untimely in its current form, but could be recharacterized as a postconviction petition. The State added that if the petition were recharacterized, the State could not have input at the first stage of postconviction review. It was noted that the petition was filed on April 10, 2006, and the court commented that, if the petition were recharacterized, the court would have "90 days to try to resolve it then."

On June 26, 2006, after two continuances, the State advised the court that "last time the Court was considering, but had not declared whether it was going to interpret the defendant's motion as some recognizable form of post-trial relief or not." The trial court stated, "I haven't declared it yet, but I am aware of the fact that in this matter the 90-day period is up on July 13." The matter was then continued until July 10, 2006, at which time the court stated that it was inclined to recharacterize defendant's motion as a postconviction petition, but needed to first "look into a couple of cases that have come down from the Second District [of the appellate court]."

On July 13, 2006, the trial court noted that it had reviewed defendant's motion and the case law, and concluded that defendant's motion to withdraw his plea was untimely. The court stated that it intended to recharacterize defendant's motion as a postconviction petition, but explained,

> "[A]dhering to *** People v. Shelstrom [*sic*], 216 Ill. 2d 45, 833 N.E. 2d 863, I believe that *** before we can actually enter an order recharacterizing the petition which would start the other 90-day period we have to bring the defendant back and advise him pursuant to the Shelstrom [*sic*] case.*** If the Court fails to do so, the pleading cannot be considered to become a post-conviction petition for purposes of applying to later pleadings ***. So I think that's what we need to do is to have the defendant brought back, advise him as to what his options are and if he wants to amend it and then after we have done that enter such an order at which time the 90-day period would commence."

The matter was continued for defendant to appear.

On July 27, 2006, defendant was present in court but did not have the aid of an interpreter. The trial court asked defendant if he could understand English, and defendant responded, "A little bit. I do not know fluent English, but I understand." The trial court then explained that defendant's motion was untimely, but that the court was offering defendant an opportunity to agree to recharacterization. Defendant was asked if he agreed to recharacterization, and he stated, "Yes. That is a good thing, right?" The trial court advised defendant that the motion would be recharacterized as a postconviction petition, that it would be considered over a 90-day period, and that defendant would not be entitled to an attorney during that time. Defendant responded by asking "[s]o when can I get [an attorney]?" and then asked whether he was "eligible for a state's attorney." It was explained that defendant was not eligible for an appointed attorney at this stage, but that he could hire his own attorney. The matter was then continued for status, and defendant was advised that it was unnecessary for him to appear in court on the next scheduled date. The record does not specifically explain why defendant was not fully admonished at this time.

The matter was called for status on September 7 and October 5, and then continued to obtain the court file until October 11, 2006. There is no record of proceedings for October 11 in the record, but the record demonstrates that on October 17, 2006, the State advised the court that defendant needed to be admonished, and an order was entered arranging for defendant's presence in court.

On November 2, 2006, defendant was present in court and an interpreter was made available by telephone. With the aid of the interpreter, defendant was advised that his motion was going to be recharacterized as a postconviction petition and was admonished pursuant to *People v. Shellstrom*, 216 Ill. 2d 45, 57 (2005). Defendant was then asked if he wanted to amend his pleading. Defendant indicated that he did not want to amend the pleading, but asserted that he wanted an evidentiary hearing. Defendant was advised that his petition would have to survive summary dismissal to become eligible for an evidentiary hearing. After the telephone conversation with the interpreter ended, the postconviction review process was explained to defendant again, but without the benefit of the interpreter. Defendant demonstrated his understanding of the process by repeating the explanation to the court, and was advised, "We're starting another 90

days and if you decide you want to file anything, do so as soon as possible." The matter was continued for 30 days and was then continued to January 5, 2007. There is no record of the January 5, 2007, proceeding. On January 26, 2007, the trial court entered a written order summarily dismissing defendant's postconviction petition as patently without merit.

Defendant filed a motion in the appellate court for summary remand, asserting that the trial court erred in failing to summarily dismiss his petition within 90 days of docketing as required under section 122–2.1(a)(2) of the Act (725 ILCS 5/122–2.1(a)(2) (West 2006)). Defendant also appealed the summary dismissal of his postconviction petition on the merits. The appellate court took the motion for summary remand with the case and rejected defendant's assertion. The appellate court concluded that under *Shellstrom*, defendant's pleading was not considered a postconviction petition, subject to the guidelines of the Act, until defendant was fully admonished of the consequences of recharacterization. Because defendant did not receive full admonishments until the November 2, 2006, hearing, the trial court's dismissal of defendant's petition on January 26, 2007, was within 90 days and was timely. The appellate court then considered defendant's postconviction claim on the merits and affirmed the trial court's judgment. 385 Ill. App. 3d 434. We granted defendant's petition for leave to appeal.


ANALYSIS

Defendant asserts that the trial court violated the Act when it ignored the plain language of the statute and summarily dismissed his postconviction petition more than 90 days after recharacterization. Defendant maintains that the trial court made its decision to recharacterize his petition on July 27, 2006, when he was present in court. Defendant points out that he agreed to recharacterization and was told the summary dismissal period would begin on that date, but the trial court nevertheless improperly prolonged the summary dismissal period by giving defendant the required *Shellstrom* admonishments in a piecemeal fashion, and did not dismiss the petition until January 26, 2007, 183 days from the date of recharacterization. Defendant acknowledges that the trial court was required to admonish him under *Shellstrom*, but maintains that the *Shellstrom* requirement

-5-

does not restrict the trial court's ability to review the filed document within the time frame designated by the Act, nor does it give the court the authority to evade the requirements of the Act. See 725 ILCS 5/122–2.1(a) (West 2006) ("Within 90 days after the filing and docketing of each petition, the court shall examine such petition and enter an order thereon pursuant to this Section").

The State counters that the trial court was not bound by the 90-day requirement of the Act until defendant's petition was properly recharacterized as a postconviction petition, and further argues that recharacterization did not take place until defendant was fully admonished under *Shellstrom*. Accordingly, the trial court's summary dismissal of defendant's postconviction petition was properly executed within the 90-day period. We agree with the State.

The parties do not dispute that the trial court acted properly when it decided to recharacterize defendant's untimely motion to withdraw his guilty plea and vacate his sentence as a postconviction petition. This court has long held that a trial court may treat a *pro se* pleading which alleges a deprivation of constitutional rights cognizable under the Act as a postconviction petition. *People ex rel. Palmer v. Twomey*, 53 Ill. 2d 479, 484 (1973); *Shellstrom*, 216 Ill. 2d at 53. As we acknowledged in *Shellstrom*, there are compelling reasons for allowing recharacterization. "First, recharacterization enables the issues to be properly framed. *** Second, recharacterization avoids the possible harshness of holding a *pro se* litigant to the letter of whatever label he happens to affix to his pleading, even when his claims are such that they could more appropriately be dealt with under a different heading. *** A third reason *** [is that] defendant [is] provided with appellate counsel to assist him in appealing the dismissal [of a postconviction petition]." *Shellstrom*, 216 Ill. 2d at 51-52; see also *People v. Pearson*, 216 Ill. 2d 58, 67 (2005).

A trial court is not required to recharacterize a *pro se* pleading as a postconviction petition, even if the claims raised are cognizable under the Act, although this court has encouraged trial courts to do so when appropriate. *Shellstrom*, 216 Ill. 2d at 57 ("[W]e recognize that trial courts need not recharacterize a *pro se* pleading as a postconviction petition. However, we urge judges to consider recasting pleadings that warrant such treatment"). If a trial court determines that recharacterization is appropriate, the court must take

certain steps to insure that the defendant is admonished of the consequences of recharacterization. *Shellstrom*, 216 Ill. 2d at 57. The court is required to "(1) notify the *pro se* litigant that the court intends to recharacterize the pleading, (2) warn the litigant that this recharacterization means that any subsequent postconviction petition will be subject to the restrictions on successive postconviction petitions, and (3) provide the litigant an opportunity to withdraw the pleading or to amend it so that it contains all the claims appropriate to a postconviction petition that the litigant believes he or she has." *Shellstrom*, 216 Ill. 2d at 57; *Pearson*, 216 Ill. 2d at 68. Significantly, if the court fails to give these admonishments, "the pleading cannot be considered to have become a postconviction petition for purposes of applying to later pleadings the Act's restrictions on successive postconviction petitions." *Shellstrom*, 216 Ill. 2d at 57.

When a pleading has been recharacterized under *Shellstrom* as a postconviction petition, the familiar principles of postconviction review apply. A postconviction proceeding is a collateral attack on a prior conviction that permits defendants to challenge their convictions or sentences based on a substantial violation of their rights under the federal or state constitutions. *People v. Beaman*, 229 Ill. 2d 56, 71 (2008). Postconviction claims are limited to constitutional matters that were not and could not have been previously adjudicated. *People v. Johnson*, 206 Ill. 2d 348, 356 (2002). The Act provides for a three-stage proceeding in all cases that do not involve the death penalty. *People v. Harris*, 224 Ill. 2d 115, 125 (2007). At the first stage, the trial court must independently determine, within 90 days of its filing, whether the petition is frivolous or patently without merit. *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996); 725 ILCS 5/122–2.1(a)(2) (West 2006). The 90-day time requirement is mandatory and a trial court's noncompliance with the time requirement renders a summary dismissal order void. *People v. Brooks*, 221 Ill. 2d 381, 389 (2006). We review the first-stage dismissal of a postconviction petition *de novo*. *People v. Williams*, 209 Ill. 2d 227, 234 (2004).

In this case, defendant asks us to determine when the 90-day summary dismissal period provided in the Act begins to run in the context of recharacterization under *Shellstrom*. Although that issue was not specifically addressed in *Shellstrom*, the opinion does provide guidance in answering the question presented. As previously noted, in

*Shellstrom* we explicitly stated that a pleading does not become a postconviction petition until the defendant is given the *Shellstrom* admonishments. *Shellstrom*, 216 Ill. 2d at 57. It would follow, then, that the Act's 90-day rule could not apply to a recharacterized petition until the defendant was fully admonished under *Shellstrom* and recharacterization was fully completed.

Defendant maintains that this disposition of the issue ignores the plain language of the Act, which specifically states that a postconviction petition must be summarily dismissed within 90 days of docketing. In support, defendant cites to several cases which hold that the 90-day rule in the Act is mandatory, not discretionary, and that the failure to summarily dismiss a petition within 90 days requires appointment of counsel and second-stage review of the petition. See *People v. Harris*, 224 Ill. 2d 115 (2007) (holding that the Act requires the trial court to examine a postconviction petition within 90 days even if a direct appeal is pending on the same case); *People v. Porter*, 122 Ill. 2d 64, 86 (1988) (holding that the statutorily allotted time frame for summary dismissal of a postconviction petition is mandatory and noncompliance renders the dismissal order void); *Gibson v. People*, 377 Ill. App. 3d 748, 751 (2007) (holding that the defendant's motion for substitution of judge did not toll the mandatory 90-day summary dismissal period); *People v. Redmond*, 328 Ill. App. 3d 373, 377 (2002) (holding that failure to comply with the provisions of section 122–2.1 of the Act render a summary dismissal order void); *People v. Vasquez*, 307 Ill. App. 3d 670, 672 (1999) (holding that trial court's summary dismissal order, entered after the matter was remanded for the trial court's failure to substantively review defendant's postconviction claims, was void, as it occurred more than 90 days after the docketing of the petition); *People v. Dauer*, 293 Ill. App. 3d 329, 331 (1997) (holding that trial court erred in summarily dismissing defendant's postconviction petition more than 90 days after docketing, even where court held the petition in abeyance pending the outcome of direct appeal). We do not disagree with defendant's reading of the Act or his interpretation of the cases cited. However, the authority defendant provides does not address the issue before us, nor does it negate the fact that the provisions of the Act cannot apply to pleadings that are not postconviction petitions until those pleadings are properly recharacterized as such.

Defendant further maintains that this disposition creates an unjust result and gives trial courts the freedom to expand the summary dismissal period at will to the detriment of criminal defendants. According to defendant, such an expansion of the summary dismissal period is contrary to the spirit and purpose of the Act, which provides for the expeditious resolution of postconviction claims. Additionally, defendant argues that there is no legitimate reason to allow for an expansion of the 90-day period, as a trial court can assess the merits of a pleading within 90 days regardless of whether the defendant has been fully admonished under *Shellstrom*. Moreover, defendant maintains that, in this case, the trial court improperly prolonged the summary dismissal period for no good reason and, during the process, placed defendant's case on the call 14 times and required defendant to be brought to court two times, unnecessarily wasting time and resources. The State counters that requiring the trial court to make a decision on summary dismissal within 90 days of determining that recharacterization is appropriate, even if the defendant was not fully admonished, would result in a waste of time and judicial resources, as the trial court would be reviewing a petition without the benefit of amendments the defendant may ultimately choose to make.

We agree with the State that any review of a recharacterized petition prior to full *Shellstrom* admonishments would be futile, as it would require the review of claims that are likely to be altered. Nevertheless, we acknowledge that the trial court in this case took an inordinate amount of time to complete the *Shellstrom* admonishments, and the reasons for the delay are not entirely clear from the record. However, the record does provide some insight, showing that the trial court was unsure of the ramifications of *Shellstrom*, as it was recently decided; that the trial court believed there were cases pending in the appellate court that would provide direction for the handling of the instant case; and that defendant's ability to speak English was limited, as was the trial court's ability to provide an interpreter who could communicate with defendant in his native language. While these factors do not explain every delay that occurred, and there is little doubt that the trial court could have handled this matter in a more expeditious manner, the record nevertheless demonstrates that the trial court had legitimate reasons for prolonging the recharacterization process.

Moreover, the trial court's handling of the recharacterization process in this case cannot be said to have prejudiced defendant in any way. The fact remains that the trial court is under no obligation to recharacterize a petition that could otherwise be disposed of on procedural grounds. The court's decision to recharacterize defendant's petition was beneficial to defendant, regardless of the length of the recharacterization process, because defendant was afforded a substantive review of his claims and the ability to appeal the trial court's judgment with the assistance of counsel. Accordingly, we conclude that the record in this case demonstrates that defendant was properly admonished under *Shellstrom*, that his *pro se* pleading was properly recharacterized, and that his recharacterized postconviction petition was properly dismissed within 90 days of docketing as required by the Act. 725 ILCS 5/122–2.1 (West 2006). We find no error.

Defendant nevertheless urges us to utilize our supervisory authority to create a time limit for admonishing defendants under *Shellstrom* in the event of recharacterization. We decline this request, as we trust in a trial court's ability to properly utilize its inherent authority to control its own docket and the proceedings before it (*People ex rel. Daley v. Fitzgerald*, 123 Ill. 2d 175, 179-83 (1988)), particularly in cases where the trial court affords the defendant the opportunity for review of an otherwise procedurally defaulted pleading.


## CONCLUSION

For these reasons, we affirm the judgment of the appellate court, which affirmed the summary dismissal of defendant's postconviction petition.


*Affirmed.*