2024 IL App (2d) 220452-U
No. 2-22-0452
Order filed May 14, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of McHenry County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 15-CF-545 |
| | ) | |
| DAVID J. TAPLEY, | ) | Honorable |
| | ) | James S. Cowlin, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE KENNEDY delivered the judgment of the court.
Justices Hutchinson and Schostok concurred in the judgment.

**ORDER**

¶ 1   *Held*:  Although defendant's postconviction petition was timely filed, the trial court did not err in granting the State's motion to dismiss defendant's petition at the second stage where the petition failed to set forth a substantial showing of a constitutional violation. Affirmed.

¶ 2   Defendant David J. Tapley appeals the trial court's order granting the State's motion to dismiss defendant's postconviction petition at the second stage. For the following reasons, we affirm.

¶ 3                          I. BACKGROUND

¶ 4   Defendant was found guilty of three counts of aggravated criminal sexual abuse (720 ILCS

5/11-1.60(c)(1), (d) (West 2012)) and sentenced to 5 years' imprisonment and 24 months' probation on January 3, 2019. We affirmed defendant's conviction in *People v. Tapley*, 2020 IL App (2d) 190137. Defendant filed a petition for leave to appeal to the Illinois Supreme Court, which was denied on May 26, 2021.

¶ 5 On February 28, 2022, defendant filed—through privately retained counsel—a petition for postconviction relief raising three claims: (1) ineffective assistance of counsel because trial counsel failed to investigate certain evidence and defenses raised by defendant's wife and sister-in-law, (2) ineffective assistance of counsel because trial counsel failed to investigate mitigating mental health evidence, and (3) actual innocence based on a diagnosis of autism spectrum disorder, which defendant received while he was in prison. Attached to the petition were affidavits from defendant's wife and sister-in-law, as well as a mental health evaluation from the Illinois Department of Corrections dated February 14, 2019, diagnosing defendant with adjustment disorder, agoraphobia, and autism spectrum disorder; and a psychiatric diagnostic evaluation dated December 13, 2021, diagnosing defendant with posttraumatic stress disorder with social anxiety and agoraphobia, and autism spectrum disorder.

¶ 6 On April 28, 2022, the trial court entered an order finding that defendant's ineffective assistance of counsel claims asserted the gist of a constitutional claim and advanced the petition to the second stage.

¶ 7 On May 26, 2022, the State filed a motion to dismiss defendant's postconviction petition, arguing that the petition was untimely. The State acknowledged that defendant's actual innocence claim was not subject to the limitations period but argued that defendant's autism spectrum disorder diagnosis did not support a claim of actual innocence.

¶ 8    A hearing was held on the State's motion to dismiss on October 20, 2022. At that hearing postconviction counsel asserted that he had filed defendant's petition on February 25, 2022, but that it had been rejected because the petition and supporting exhibits had been submitted as a single document rather than as separate exhibits. He corrected the issue, and on February 28, 2022, the filing was accepted.

¶ 9    On November 30, 2022, the trial court entered an order granting the State's motion to dismiss, finding that defendant's postconviction petition was untimely and that defendant had failed to demonstrate that his untimeliness was due to anything other than his own culpable negligence. Moreover, the court found that even if defendant's petition was not untimely, defendant's ineffective assistance claims failed to make a substantial showing of a constitutional violation as the record indicated that defense counsel was aware of the evidence provided by defendant's wife and sister-in-law, that the choice not to use the evidence was a matter of trial strategy, and there was nothing to suggest that the result of the trial would have been different had defense counsel investigated defendant's autism spectrum disorder diagnosis. Finally, the trial court found that defendant's actual innocence claim was without merit because defendant's petition set forth no facts demonstrating how his posttrial diagnosis was relevant or probative of defendant's innocence.

¶ 10    Defendant timely appealed.

¶ 11                                II. ANALYSIS

¶ 12    On appeal, defendant argues that his petition was timely filed on February 25, 2022, and that he should be allowed to show that he was not culpably negligent for any late filing at a third stage hearing. Defendant further argues that he received ineffective assistance of trial counsel because trial counsel failed to "interview, investigate and call to the witness stand those who could

attest to [defendant's autism spectrum disorder diagnosis]." Finally, defendant argues that his autism spectrum disorder diagnosis satisfies the requirements for an actual innocence claim. Defendant does not challenge the trial court's finding that his ineffective assistance claim regarding the proposed evidence of his wife and sister-in-law lacked merit.

¶ 13                                    A. Timeliness

¶ 14    We begin by addressing defendant's claim that his petition was timely filed. Defendant baldly asserts that his petition was timely filed on February 25, 2022, without any further explanation or proof and in spite of the fact that the petition was file-stamped on February 28, 2022. Defendant then argues that he should be given an opportunity at a third stage proceeding to show that he was not culpably negligent in filing a late petition, despite the fact that the act clearly contemplates that such facts should be alleged in the petition itself. 725 ILCS 5/122-1(c) (West 2022).

¶ 15    The Post-Conviction Hearing Act states that, "If a petition for certiorari is not filed, no proceedings under this Article shall be commenced more than 6 months from the date for filing a certiorari petition, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." *Id.* Defendant's petition for leave to appeal to the Illinois Supreme Court was denied on May 26, 2021. United States Supreme Court Rule 13 provides that, "A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review." U.S. Sup. Ct. R. 13. Accordingly, under United States Supreme Court Rule 13, defendant's deadline for filing a petition for writ of *certiorari* was August 24, 2021. Six months from August 24, 2021, is February 24, 2022, not as defendant asserts February 25, 2022. Accordingly, even were we to accept defense counsel's

unsupported claim that he filed defendant's postconviction petition on February 25, 2022, it still would have been untimely.

¶ 16    That is, it would have been untimely were it not for the fact that at the time the Illinois Supreme Court denied defendant's petition for leave to appeal, the United States Supreme Court had entered an administrative order extending the deadline for filing a petition for writ of *certiorari* to 150 days due to the COVID-19 pandemic. 589 U.S. ___ (Mar. 19, 2020), available at https://www.supremecourt.gov/announcements/covid-19.aspx. Of course, defendant has forfeited this argument by failing to raise it on appeal, but we may overlook forfeiture to maintain a sound and uniform body of precedent or where the interests of justice so require. *People v. Jackson*, 2020 IL 124112, ¶ 118. As such, the filing deadline was actually April 25, 2022, and defendant's petition was timely.

¶ 17                              B. Ineffective Assistance of Counsel

¶ 18    A postconviction proceeding is a collateral attack on a prior conviction which permits defendants to challenge their convictions or sentences based upon a substantial violation of their federal or state constitutional rights. *People v. Swamynathan*, 236 Ill. 2d 103, 113 (2010). Postconviction claims are limited to matters which were not and could not have been previously adjudicated. *Id.* The Act provides for a three-stage proceeding. *Id.* At the first stage, the trial court reviews the petition to determine whether the defendant has set forth the gist of a constitutional claim, or if the petition is frivolous or patently without merit. *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). At the second stage, defendant may be appointed counsel to amend their petition, and the state may move to dismiss. *People v. Domagala*, 2013 IL 113688, ¶ 33. At this stage the trial court must determine whether the petition has set forth a substantial showing of a constitutional violation. *Id.* If defendant makes the requisite showing, the matter may proceed to a third-stage

evidentiary hearing. *Id.* ¶ 34.

¶ 19    We review *de novo* the dismissal of a postconviction petition without an evidentiary hearing. *People v. Sanders*, 2016 IL 118123, ¶ 31. A second stage proceeding tests the legal sufficiency of the petition. *Domagala*, 2013 IL 113688, ¶ 35. On appeal from the dismissal of a second-stage postconviction petition, we consider whether the allegations in the petition, when liberally construed in favor of the defendant and taken as true, are sufficient to invoke relief under the act. *Sanders*, 2016 IL 118123, ¶ 31.

¶ 20    Defendant argues that he received ineffective assistance of trial counsel where counsel failed to interview, investigate, and call witnesses who could attest to defendant's diagnosis of autism spectrum disorder.

¶ 21    To prevail on a claim of ineffective assistance of counsel, defendant must demonstrate that counsel's representation "fell below an objective standard of reasonableness" and that such a shortcoming was prejudicial in that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 687-94 (1984); see *People v. Albanese*, 104 Ill. 2d 504, 526-27 (1984) (adopting *Strickland*).

¶ 22    Counsel has a professional duty to make a reasonable investigation into any possible defenses or to make a reasonable decision that makes particular investigations unnecessary. *Domagala*, 2013 IL 113688, ¶ 38. "[T]he reasonableness of a decision to investigate is assessed applying a heavy measure of deference to counsel's judgment." *People v. Orange*, 168 Ill. 2d 138, 149 (1995). This duty extends to the investigation of potential sources of mitigating evidence. *People v. Cuevas*, 2018 IL App (2d) 151100, ¶ 37.

¶ 23    Even accepting the assertions in defendant's petition as true, there is little to indicate that

trial counsel should have investigated defendant's mental health. The petition itself states that, "While at this point it cannot be said that trial counsel was completely aware of his client's condition, there are indications that suspicions should have been raised." The petition goes on to assert that, "Trial counsel on several occasions (particularly during trial preparation) remarked to the petitioner's family how unique his client was and even made mention of the police interview 'where David rocked back and forth' during the questioning."

¶ 24     Defendant did not receive a diagnosis of Autism Spectrum Disorder until February 14, 2019, when he was 54 years old, approximately five months after the trial. Attorneys are not psychologists. Defendant's assertions are not sufficient to have put counsel on notice that defendant potentially had a mitigating mental health condition. Further, the psychiatric diagnostic evaluation indicated that "prior to his arrest and conviction [defendant] probably had a number of less severe anxiety and obsessive symptoms. The stress of his arrest, conviction, and incarceration led to a posttraumatic stress disorder with marked worsening of anxiety symptoms." Defendant's wife likewise stated to the examining psychiatrist that, "[p]rior to the accusation of 2015, he was not symptomatic."

¶ 25     Accordingly, as defendant had limited symptoms prior to his incarceration, defense counsel's failure to investigate defendant's mental health was not unreasonable, and the trial court did not err in dismissing defendant's ineffective assistance claims.

¶ 26                                    C. Actual Innocence

¶ 27     "The elements of a claim of actual innocence are that the evidence in support of the claim must be 'newly discovered'; material and not merely cumulative; and of such conclusive character that it would probably change the result on retrial." *People v. Edwards*, 2012 IL 111711, ¶ 32. The conclusive character of the evidence is the most important factor of an actual innocence claim.

*People v. Sanders*, 2016 IL 118123, ¶47.

¶ 28    In the instant case defendant presents no basis for a court to conclude that defendant's diagnosis of autism spectrum disorder could possibly change the result of defendant's trial. Further, defendant provides no explanation or argument beyond the barest conclusory assertion that defendant's diagnosis was likely to have changed the result of defendant's trial. There is no assertion that defendant was cognitively disabled or otherwise unable to comprehend the nature of the charges or unable to control his actions, nor any other basis for a claim of actual innocence. The petition even acknowledges "that the condition may not have created an affirmative defense[.]" Accordingly, the trial court did not err in dismissing defendant's actual innocence claim.

¶ 29                                III. CONCLUSION

¶ 30    For the reasons stated, we affirm the judgment of the circuit court of McHenry County.

¶ 31    Affirmed.