NOTICE

Decision filed 02/25/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 231246-U

NO. 5-23-1246

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Massac County. |
| | ) | |
| v. | ) | No. 16-CF-66 |
| | ) | |
| DAVID I. ROGERS, | ) | Honorable |
| | ) | William J. Thurston, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE SHOLAR delivered the judgment of the court.
Justices Boie and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held:*  The trial court did not err by summarily dismissing defendant's postconviction petition where defendant forfeited any claim that his attorney prevented him from accepting the State's offer to plead guilty in exchange for a 10-year sentence.

¶ 2    Defendant, David I. Rogers, entered an open plea of guilty to one count of predatory criminal sexual assault. The trial court sentenced him to 17 years in prison. Defendant filed a motion to withdraw his guilty plea, which the court denied. Defendant appealed, and this court affirmed. See *People v. Rogers*, 2021 IL App (5th) 190203-U. Defendant then filed a petition for postconviction relief, which the trial court dismissed at the first stage. Back before us on appeal, defendant argues that he stated an arguable claim that his attorney was ineffective for preventing him from accepting the State's offer to plead guilty in exchange for a 10-year sentence. For the reasons that follow, we affirm.

1

¶ 3                                    I. BACKGROUND

¶ 4      On May 18, 2016, the defendant was charged with four counts of predatory criminal sexual

assault (720 ILCS 5/11-1.40(a)(1) (West 2016)), all Class X felonies. Prior to jury trial, the trial

court inquired whether any plea negotiations took place in this matter. On the record, defendant

acknowledged that he was aware of offers by the State. The State explained:

> "The offer of the State was the defendant would plead guilty to Count I, predatory
>
> criminal sexual assault, be sentenced to ten years in the Illinois Department of Corrections,
>
> three years to natural life, mandatory supervised release, that he serve 85 percent of his
>
> sentence, that he pay the costs and surcharges of the proceedings, and that he receive credit
>
> for time served. Remaining counts would be dismissed.
>
> There was also a case pending in Graves County, Kentucky. The prosecutor in that
>
> case agreed by writing to our office that he would amend his case to a Class B felony, offer
>
> ten years to serve and run concurrent with Illinois, and agree he could serve his time in
>
> Illinois."

¶ 5      The trial court asked defendant whether he understood the offer, and defendant indicated

that he understood. On the record, defendant noted that he "declined" the offer. Defendant

indicated that he went through the charges with his attorney, and his attorney communicated the

offer to defendant. Defense counsel added that defendant had almost two years of custody credit

which could have applied to his sentence had he accepted the offer.

¶ 6      On August 15, 2018, a jury trial commenced with *voir dire* and jury selection. On August

17, the parties gave their opening statements, and the State began presenting its case. As part of

the State's case, the victim, A.C., testified in detail about the circumstances surrounding all four

charges, and an interview of A.C. by an advocate at the Two Rivers Child Advocacy Center (CAC) was introduced into evidence and played for the jury.

¶ 7 In the midst of the State's case, defendant chose to stop the trial and enter into an open guilty plea to one count of predatory criminal sexual assault (count IV). In exchange for pleading guilty, the remaining criminal sexual assault charges were dismissed.

¶ 8 During the guilty plea hearing, the trial court admonished defendant as to his rights and that the sentencing range for predatory criminal sexual assault was 6 to 60 years in prison. The court also indicated that, since defendant was entering into an open guilty plea, it would determine the proper sentence after reading the presentence investigation (PSI) report and hearing the evidence and arguments presented at the sentencing hearing. The State offered its factual basis, and the court admonished defendant. The court accepted defendant's guilty plea, finding that it was made freely and voluntarily, and defendant understood the nature of the charge and the possible penalties.

¶ 9 In defendant's statement of allocution, he apologized to A.C. and her family and expressed remorse for his actions. He indicated that he never wanted the case to go to trial and put A.C. through having to testify about what happened. He also indicated that his counsel assured him that if he pled guilty, he would be sentenced to less than 24 years and possibly less than 10 years. He noted that there was a lack of communication between him and his attorneys and expressed some dissatisfaction with their representation. He also indicated that he was told that the State was offering him six years in prison if he pled guilty, but the State never mentioned that to his attorneys.

¶ 10 The State offered evidence in aggravation, along with a sentencing recommendation. Before defendant's counsel presented any argument in mitigation, the trial court questioned defendant about his complaints about his counsel. After talking with defendant, the court stated

3

that it was not hearing anything to indicate that his attorneys were ineffective in their representation of him. The court then heard arguments in mitigation from defense counsel. After hearing argument, the trial court sentenced defendant to 17 years in prison.

¶ 11 On October 31, 2018, defendant filed a *pro se* motion to withdraw his guilty plea, arguing that his plea was not intelligently, knowingly, and voluntarily made because, at the time that he entered his plea, he believed that the allegations contained in the dismissed charges could not be used against him at sentencing. He also claimed that his counsel was ineffective because they told him that the evidence could not be used against him.

¶ 12 Thereafter, on January 9, 2019, defendant obtained new counsel to represent him on the motion to withdraw his guilty plea. On March 25, 2019, his new counsel filed a first amended motion to withdraw the guilty plea in which similar allegations to those in the initial motion were made. In addition, the motion asserted that defendant suffered from a misapprehension of fact, he would not have pled guilty if he had known that the evidence relating to the dismissed charges would be considered at sentencing, his trial counsel was ineffective, and he was prejudiced by his trial counsel's ineffectiveness in that he pled guilty on counsel's assurances that the evidence from the dismissed charges would not be used against him.

¶ 13 After hearing the arguments of counsel, the trial court addressed defendant and stated that it believed that he was surprised that the evidence relating to the dismissed charges was considered at his sentencing. However, the court also stated that it did not believe that understanding was objectively reasonable as the PSI contained information about the dismissed charges, and defendant knew that the PSI would be considered. The court also noted that there was a difference between considering a sentence based on dismissed charges and increasing a sentence merely because there were other charges. The court further noted that it admonished defendant that it was

considering the evidence heard at the trial and the factual basis at sentencing. Thus, the court concluded that defendant understood the nature of the guilty plea, the possible penalties, and the allegations in the charge. The court also found that defendant was not provided ineffective assistance of counsel. Accordingly, the court denied defendant's motion to withdraw his guilty plea.

¶ 14   On appeal, this court affirmed. See *Rogers*, 2021 IL App (5th) 190203-U. This court affirmed the trial court's denial of defendant's motion to withdraw his guilty plea where his misapprehension about evidence relating to his dismissed charges being used was not objectively reasonable because the trial court admonished him that this evidence would be used at sentencing.

¶ 15   Relevant to this appeal, on September 11, 2023, defendant filed a postconviction petition alleging that he received the ineffective assistance of counsel during plea negotiations. Defendant alleged that in a private conversation with defense counsel, defendant advised his counsel that he did not wish to proceed to a jury trial. Defendant alleged that he advised his counsel that he wished to accept the State's 10-year offer. Defendant alleged, "Defense counsel said that he [counsel] was running the show and that, the state's attorney is his friend and that he [the state's attorney] probably wants the jury to decide my fate, so counsel rejected the state's guilty plea offer of ten years against my protestations and I proceeded to a jury trial against my wishes [*sic*]." Defendant alleged that he was prejudiced, because but for defense counsel's actions, he would have received a sentence of 10 years.

¶ 16   On November 14, 2023, the trial court summarily dismissed defendant's postconviction petition. The court found that the trial court's plea admonishment rebutted defendant's claim, and also that defendant forfeited the claim by failing to raise it on direct appeal. The court's written order noted that during defendant's open plea, the trial court "thoroughly admonished, interacted,

5

questioned, and involved the defendant in the hearing." The court observed that the "record contains excerpts where the Judge was aware of potential plea offers and the parameters under which they remained open to [defendant]." The court also noted that there was a hearing on defendant's motion to withdraw guilty plea, at which time defendant's "public defenders provided detailed testimony as to their representation of [defendant], and the interactions, conversations, and discussions pursuant to their representation." Finally, the trial court noted that it reviewed this court's direct appeal decision, and the trial court explicitly noted that this court considered the ineffective assistance of counsel and whether defendant entered his plea knowingly and voluntarily.

¶ 17 Based on this, the trial court determined that the claims raised in defendant's postconviction petition "were raised, or could have been raised in his direct appeal." As such, the court determined that defendant "cannot raise them in a post-conviction petition." Thus, the court concluded that defendant failed to make a substantial showing that his constitutional rights were violated and found defendant's petition patently without merit. The court dismissed the petition.

¶ 18 On November 28, 2023, defendant filed a timely notice of appeal.

¶ 19                                    II. ANALYSIS

¶ 20 On appeal, defendant contends that he stated an arguable claim that his attorney was ineffective for preventing him from accepting the State's offer to plead guilty in exchange for a 10-year sentence. The State responds, arguing that the trial court properly dismissed defendant's postconviction petition as the issues raised were either forfeited or barred by *res judicata*. For the reasons that follow, we agree with the State and affirm.

¶ 21 Under the Post-Conviction Hearing Act (Act), there is "a three-stage process for an imprisoned person to raise a constitutional challenge to a conviction or sentence." *People v. Hatter*,

6

2021 IL 125981, ¶ 22 (citing 725 ILCS 5/122-1 *et seq.* (West 2016)). "At the first stage, the circuit court has 90 days to review a petition and may summarily dismiss it if the court finds it is frivolous and patently without merit." *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006). A postconviction petition is frivolous or patently without merit "only if the petition has no arguable basis either in law or in fact." *People v. Hodges*, 234 Ill. 2d 1, 11-12 (2009). "A petition which lacks an arguable basis either in law or in fact is one which is based on an indisputably meritless legal theory or a fanciful factual allegation." *Id.* at 16. "An example of an indisputably meritless legal theory is one which is completely contradicted by the record." *Id.* "Fanciful factual allegations include those which are fantastic or delusional." *Id.* at 17.

¶ 22    The doctrines of *res judicata* and forfeiture bar a defendant from raising claims in an initial postconviction proceeding "that were or could have been adjudicated on direct appeal." *People v. Blair*, 215 Ill. 2d 427, 443-44 (2005). A postconviction petition may be summarily dismissed based upon either doctrine. *Id.* at 445. "The doctrine of *res judicata* bars consideration of issues that were previously raised and decided on direct appeal." *Id.* at 443. "For *res judicata* to apply, there must have been a final judgment on the merits of the case." *In re Leona W.*, 228 Ill. 2d 439, 455 (2008). Alternatively, forfeiture bars a defendant from raising claims in a postconviction proceeding "that could have been raised [on direct appeal] but were not." *Blair*, 215 Ill. 2d at 443-44.

¶ 23    Additionally, ineffective-assistance-of-counsel claims are governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Hodges*, 234 Ill. 2d at 17. Under that standard, "a defendant must show both that counsel's performance 'fell below an objective standard of reasonableness' and that the deficient performance prejudiced the defense." *Id.* (quoting *Strickland*, 466 U.S. at 687-88). "At the first stage of postconviction proceedings under the Act, a petition alleging ineffective assistance may not be summarily dismissed if (i) it is

7

arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *Id.* A trial court's first-stage dismissal of a postconviction petition is subject to *de novo* review. *People v. Swamynathan*, 236 Ill. 2d 103, 113 (2010).

¶ 24    We find defendant forfeited review of the alleged errors raised in his postconviction petition. The record demonstrates that defendant could have raised these issues on direct appeal. The record reflects that the trial court asked defendant about the State's 10-year offer prior to proceeding to a jury trial. Defendant indicated that he declined the State's offer and wished to proceed to trial. Defendant acknowledged that he discussed the State's offer with his defense counsel. Nonetheless, defendant proceeded to trial, wished to plead guilty in the midst of trial, and ultimately received a sentence of 17 years.

¶ 25    Additionally, we note that defendant raised a slew of complaints related to his representation during postplea proceedings. Specifically, the trial court held a hearing on defendant's motion to withdraw his guilty plea. During that hearing, defendant was represented by counsel, and his former attorneys were called and sworn as witnesses. During the hearing, defendant admitted that he rejected the plea offers prior to trial. Throughout defendant's many allegations, he failed to raise any issue related to his rejection of the 10-year plea for the reasons that he gives in his petition for postconviction relief. Succinctly stated, defendant could have raised this claim as part of his motion to withdraw guilty plea, and he failed to do so.

¶ 26    Similarly, defendant filed a direct appeal, and he failed to raise any issue related to the State's 10-year offer in his direct appeal. The record supports the trial court's determination that defendant could have raised an issue related to the 10-year offer in his direct appeal. Defendant's failure to do so results in forfeiture of the issue in his postconviction petition.

8

¶ 27 Finally, the record positively rebuts defendant's claims. We find support for this in defendant's own brief. In the opening paragraphs of his brief, defendant states: "In his petition, Rogers alleges that his attorney would not let him accept the State's offer to plead guilty to one count of predatory criminal sexual assault of a child ('PCSA') in exchange for a ten year sentence. *This is not the first time Rogers has made this claim. He said the same thing at his sentencing hearing*." (Emphasis added.) Defendant also notes in his brief: "At the hearing on the motion [to withdraw guilty plea], Rogers testified that one of the reasons *he rejected* the State's pre-trial offer to plead guilty in exchange for a ten-year sentence [was] because he had another case pending in Kentucky involving similar conduct." (Emphasis added.) Despite his arguments otherwise, defendant takes a position that is inconsistent with his earlier claims in the record. Thus, the trial court properly summarily dismissed defendant's petition at the first stage.

¶ 28 For all of these reasons, we find the trial court did not err by summarily dismissing defendant's postconviction petition as frivolous and patently without merit. The trial court committed no error in summarily dismissing defendant's postconviction petition.

¶ 29                                       III. CONCLUSION

¶ 30 For these reasons, the judgment of the circuit court of Massac County is affirmed.

¶ 31 Affirmed.