SECOND DIVISION
May 29, 2007

No. 1-04-0320

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
|     Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
|       v. | ) | |
| | ) | |
| HARRY MCDONALD, | ) | Honorable |
| | ) | Stanley J. Sacks, |
|     Defendant-Appellant. | ) | Judge Presiding. |

PRESIDING JUSTICE WOLFSON delivered the opinion of the court:

Defendant Harry McDonald appeals the summary dismissal of his pro se petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 et seq. (West 2002)). Defendant contends the circuit court erroneously dismissed his petition on the grounds that the petition failed to assert it was filed under section 122-1 of the Act. That is, failed to use the section number. Defendant also contends the circuit court clerk's failure to "promptly" docket his petition, as required by the Act, precluded the circuit court from summarily dismissing the petition. We reverse and remand.

FACTS

On June 21, 2002, defendant filed a pro se post-conviction petition with Dorothy Brown, Clerk of the Circuit Court for Cook

1-04-0320

County.  At the top of pages one, two, and three were the words:
"Ill. Post-Conviction Petition."  The words "Post-Conviction
Petition" were at the top of pages four, five, six, seven, and
eight.  The Appendix to the petition was headed "Illinois Post-
Conviction Petition."  In the body of the one-page Appendix were
references to "725 ILCS 5/122-6," "122-4," and "122-5&6."

The petition was stamped "Received" by the clerk's office on
June 28, 2002.  No further action was taken on the petition.  On
July 1, 2003, defendant filed a federal lawsuit seeking to compel
action on his petition.  The petition finally was docketed on
October 30, 2003.  After the petition was docketed, defendant's
federal action was dismissed as moot.

On November 14, 2003, the circuit court, relying on section
122-1(d) of the Act, summarily dismissed defendant's petition.
The court found defendant failed to specify his petition had been
filed under the section pertaining to the Act, holding:

> "As I said before, on June 28th, he filed a
> stack of documents which are basically
> illegible, incomprehensible, hardly
> understandable at all and the clerk's office
> sent them -- kept these documents, whatever
> they are until they sent them up to the
> courtroom within the last few weeks.  After

> reviewing the documents in consideration, as I said before, 5 slash 122 dash 1 D, whatever he filed is dismissed.  Defendant to be notified."

The circuit court did not discuss the petition's merits or lack of them.  Nor did it use the words "frivolous" or "merit."

On January 31, 2005, defendant filed a motion for summary remand in this court, contending the circuit court failed to enter its order within 90 days of the filing and docketing of the petition.  Defendant also contended the circuit court erred in finding he failed to properly designate his pleading as a post-conviction petition in a way required by section 122-1(d) of the Act.  We granted defendant's motion on March 4, 2005.  On September 27, 2006, our supreme court entered a supervisory order directing us to vacate the summary remand and consider the appeal in light of People v. Brooks, 221 Ill. 2d 381, 851 N.E.2d 59 (2006).  We vacated our order and set a briefing schedule.

DECISION

I. Section 122-1(d)'s pleading requirement

Defendant contends the trial court erred in summarily dismissing his petition under section 122-1(d) of the Act. Defendant contends the captions "Ill. Post-Conviction Petition" and "Post-Conviction Petition" written across the pages of the

1-04-0320

pleading and the express citations to the Act contained in the Appendix to the petition established compliance with section 122-1(d).

The issue before us requires us to interpret the statute, a question of law we review de novo. People v. Donoho, 204 Ill. 2d 159, 172, 788 N.E.2d 707 (2003). Our primary goal in interpreting a statute is to give effect to the intent of the legislature. People v. Phelps, 221 Ill. 2d 1, 15, 809 N.E.2d 1201 (2003). The most reliable indication of legislative intent is the language of the statute, given its plain and ordinary meaning. Phelps, 221 Ill. 2d at 15. "We will not depart from the plain language of the statute by reading into it exceptions, limitations, or conditions that conflict with the express legislative intent." People v. Blair, 215 Ill. 2d 427, 443, 831 N.E.2d 604 (2005).

Section 122-1(d) provides:

> "A person seeking relief by filing a petition
> under this Section must specify in the
> petition or its heading that it is filed
> under this Section. A trial court that has
> received a petition complaining of a
> conviction or sentence that fails to specify
> in the petition or its heading that it is

> filed under this Section need not evaluate
> the petition to determine whether it could
> otherwise have stated some grounds for relief
> under this Article." 725 ILCS 5/122-1(d)
> (West 2002).

The controversy in this case arises from the legislature's use of the word "Section." The State contends the word section never is used in the Post-Conviction Act to describe the Act in its entirety, indicating the legislature's use of the word means a post-conviction petition must expressly state it is filed under section 122-1 of the Act. The State contends defendant failed to meet this plainly-stated requirement.

The long-held view is that the Act must be " 'liberally construed to afford a convicted person an opportunity to present questions of deprivation of constitutional rights.' " People v. Paleologos, 345 Ill. App. 3d 700, 708, 803 N.E.2d 108 (2003), quoting People v. Correa, 108 Ill. 2d 541, 546, 485 N.E.2d 307 (1985). To survive summary dismissal, a post-conviction petition need only present the gist of a constitutional claim. People v. Gaultney, 174 Ill. 2d 410, 418, 675 N.E.2d 102 (1996). This is intended to be a low threshold and a defendant need only present a limited amount of detail. Gaultney, 174 Ill. 2d at 418. "At this stage, a defendant need not make legal arguments or cite to

legal authority." Gaultney, 174 Ill. 2d at 418.

In People v. Purnell, 356 Ill. App. 3d 524, 528-29, 825 N.E.2d 1234 (2005), the court held that "[b]ecause [defendant's] petition did not indicate in any way that he sought relief under the Act, under the plain meaning of section 122-1(d), the trial court was not required to treat his petition as a postconviction petition." (Emphasis added.) Purnell did not hold the section number of the Act had to be on the petition. The holding in Purnell is broad enough to authorize acceptance of the defendant's petition in this case.

In People v. Holliday, 369 Ill. App. 3d 678, 681, __ N.E.2d __ (2007), the court held the legislature's intent in enacting section 122-1(d) seemed clear: "The legislature wished to undo the line of Illinois cases (including Sturgeon) holding that a trial court was required to recharacterize a defendant's pleading as a postconviction petition if such recharacterization could fairly be done based upon the contents of the pleading, even though the pleading made no reference to the Act." Holliday, 369 Ill. App. 3d at 681.

In People v. Edwards, 197 Ill. 2d 239, 245, 757 N.E.2d 442 (2001), the supreme court considered whether, under the "gist" standard, a pro se defendant must "plead sufficient *facts* from which the trial court could find a valid claim of deprivation of

a constitutional right." (Emphasis in original.) The court held the "sufficient facts" test imposed too heavy a burden on the pro se defendant. Edwards, 197 Ill. 2d at 245. "While in a given case the pro se defendant may be aware of all the facts pertaining to his claim, he will, in all likelihood, be unaware of the precise legal basis for his claim or all the legal elements of that claim." Edwards, 197 Ill. 2d at 245.

In this case, defendant made it clear his petition was intended to be a post-conviction petition when he wrote "Ill. Post-Conviction Petition" or "Post-Conviction Petition" at the top of every page. Similar to rejection of the "sufficient facts" test in Edwards, we find requiring a defendant to specifically cite section 122-1 of the Act by number in his petition in order to satisfy section 122-1(d)'s pleading requirements would undermine the intent of the legislature to provide a "low threshold" during the first stage of a post-conviction proceeding. The State's interpretation of section 122-1(d) would impose "too heavy a burden on a *pro se* defendant." See Edwards, 197 Ill. 2d at 245. Requiring a pro se defendant to expressly cite section 122-1, rather than simply refer to the Act itself, would not advance the legislature's intent when it adopted section 122-1(d)--to eliminate the need to recharacterize a pleading as a post-conviction petition even though the pleading

1-04-0320

made no reference to the Act itself.  See <u>Holliday</u>, 369 Ill. App. 3d at 681.

In support of our conclusion, we note all post-conviction petitions are necessarily filed under section 122-1 of the Act. See 725 ILCS 5/122-1 (West 2002).  There is no other way to do it.  A <u>pro se</u> defendant's notation in the heading that a petition is an Illinois post-conviction petition adequately informs the circuit court that the petition is being filed pursuant to section 122-1 of the Act.

The language of section 122-1(d) of the Act does not persuade us the legislature intended petitioners to specifically cite section 122-1 in their petitions.  Accordingly, we find the trial court erred in summarily dismissing defendant's petition under section 122-1(d).

II. Nature of remand

Our conclusion that the trial court erred when it dismissed the petition for failure to cite section 122-1 by number entitles the defendant to reversal and remand.  The question then becomes whether we remand this case for a stage-one or a stage-two proceeding under the Act.

The Act provides a three-stage process for the adjudication of post-conviction petitions.  <u>People v. Boclair</u>, 202 Ill. 2d 89, 99, 789 N.E.2d 734 (2002).  In the first stage, the circuit court

1-04-0320

considers whether the petition is "frivolous or patently without merit." See 725 ILCS 5/122-2.1(a)(2) (West 2002); Boclair, 202 Ill. 2d at 99. If the petition is not dismissed pursuant to section 122-2.1, the petition advances to stage two. The circuit court must then appoint legal counsel to represent an indigent defendant; counsel will have an opportunity to amend the petition. See 725 ILCS 5/122-4 et seq. (West 2002); Boclair, 202 Ill. 2d at 99. If the petition is not dismissed at stage two, it proceeds to stage three where the circuit court conducts an evidentiary hearing. See 725 ILCS 5/122-6 (West 2002); People v. Makiel, 358 Ill. App. 3d 102, 104, 830 N.E.2d 731 (2005).

Even if we take the October 30, 2003, docketing date as our starting point, the circuit court did not dismiss the petition as "frivolous or patently without merit" within 90 days of docketing, as required by section 122-2.1(a). See 725 ILCS 5/122-2.1(a) (West 2002). Instead, the circuit court summarily dismissed defendant's petition based solely on defendant's failure to refer to section 122-1 by number--a decision we now reverse. No reported decision authorizes us to turn back the clock on the 90-day requirement.

Because the circuit court failed to address whether the petition was "frivolous or patently without merit" within the 90-day period, we find the petition must be remanded for stage-two

proceedings. See 725 ILCS 5/122-2.1(b) (West 2002) ("If the petition is not dismissed pursuant to this Section, the court shall order the petition to be docketed for further consideration in accordance with Sections 122-4 through 122-6.")

Our disposition of this appeal does not require us to address a serious issue raised by the defendant: whether the clerk's 16-month delay between filing the petition and docketing it violates the spirit and purpose of the 90-day rule, requiring us to remand the petition for second-stage review. Hopefully, we will not again be faced with so substantial a failure by the clerk to perform her statutory duty to "promptly" docket the petition.

CONCLUSION

We reverse the circuit court's summary dismissal of the defendant's post-conviction petition and remand the cause for further consideration as a stage-two proceeding in accord with sections 122-4 through 122-6 of the Act.

Reversed and remanded.

HOFFMAN, and HALL, JJ., concur.