NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220623-U

NO. 4-22-0623

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 13, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Morgan County |
| JEFFREY T. TAYLOR, | ) | No. 17CF170 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Christopher E. Reif, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Cavanagh and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court erred in finding it lacked jurisdiction to address defendant's
postconviction petition while his direct appeal was pending.

¶ 2          In April 2019, defendant, Jeffrey T. Taylor, pleaded guilty to unlawful possession

of a controlled substance (720 ILCS 570/402(c) (West 2016)) and was sentenced, in relevant

part, to 30 months' probation. The trial court subsequently revoked defendant's probation and

resentenced him to six years' imprisonment. Defendant appealed, and this court affirmed the trial

court's judgment on direct appeal. See *People v. Taylor*, 2022 IL App (4th) 210614-U. While

defendant's direct appeal was pending, he filed a petition for postconviction relief pursuant to the

Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)). The trial court

entered an order the same day, finding it lacked jurisdiction in light of the pending direct appeal.

¶ 3        Defendant appeals, arguing the trial court erred in finding it lacked jurisdiction

and "incorrectly dismiss[ing]" his petition without evaluating it for potential merit within 90

days of its docketing. We agree with defendant, reverse the court's judgment, and remand for

second-stage postconviction proceedings.

¶ 4                              I. BACKGROUND

¶ 5        In September 2017, the State charged defendant with unlawful possession of a

controlled substance containing morphine (720 ILCS 570/402(c) (West 2016)). In April 2019,

defendant pleaded guilty to the charged offense and the trial court, in accordance with the terms

of a negotiated plea agreement, sentenced him to 30 months' probation.

¶ 6        On August 27, 2019, the State filed a petition to revoke defendant's probation.

The State alleged defendant violated the terms of his probation by committing unrelated criminal

offenses in Greene County in May 2019 and by failing to report to his probation officer.

Following a hearing on the State's petition, the trial court entered an order revoking defendant's

probation and continuing the matter for resentencing.

¶ 7        The trial court conducted a resentencing hearing on February 2, 2021. The court

ultimately sentenced defendant to the maximum extended-term sentence of six years'

imprisonment, and defendant appealed. We affirmed the court's judgment on direct appeal. See

*Taylor*, 2022 IL App (4th) 210614-U.

¶ 8        On May 19, 2022, while his direct appeal was pending, defendant *pro se* filed the

instant petition for postconviction relief, arguing, among other things, his counsel provided

ineffective assistance at the hearing on the petition to revoke probation and at the resentencing

hearing. Defendant captioned the petition "*Pro Se* Petition for Post-Conviction Relief" and

indicated it was being filed "pursuant to the Illinois Post-Conviction Hearing Act (725 ILCS

- 2 -

5/122-1 *et seq.*).” On the same day, defendant also filed a boilerplate motion for leave to file a successive postconviction petition (725 ILCS 5/122-1(f) (West 2020)). Also on May 19, 2022, the trial court entered the following order:

> “Defendant filed a motion for leave to file a successive post conviction petition signed on 5/05/2022 and filed in circuit Court on 5/19/2022. Defendant also filed a successive post conviction petition signed on 5/12/2022 and filed on 5/19/2022. Defendant presently has appealed this case which is pending in the 4th District Court. Accordingly, the Court does not have jurisdiction of this case.”

¶ 9         This appeal followed.

¶ 10                            II. ANALYSIS

¶ 11         On appeal, defendant argues the trial court erred in finding it lacked jurisdiction to address his postconviction petition and he is entitled to have his petition advanced to the second stage of postconviction proceedings on remand. Specifically, defendant contends his pending direct appeal did not deprive the court of jurisdiction to determine whether his postconviction petition had arguable merit and, because the court did not address its arguable merit within 90 days, we must remand for second-stage proceedings. The State concedes a remand is necessary but suggests a different reason for doing so. The State argues the court erred by “fail[ing] to provide defendant with the required *Shellstrom* admonishments prior to recharacterizing defendant’s petition” as a successive postconviction petition. Thus, according to the State, we must remand for further first-stage proceedings with directions the trial court admonish defendant pursuant to *People v. Shellstrom*, 216 Ill. 2d 45 (2005).

¶ 12    As an initial matter, it does not appear that the trial court ever communicated it was dismissing defendant's postconviction petition. In its order dated May 19, 2022, the court stated only that, in light of defendant's pending direct appeal, it did not possess "jurisdiction of this case." While the court did not expressly state it was ordering dismissal of the petition, we find that was clearly its intent. In their briefs, both parties suggest the court dismissed defendant's petition. Therefore, we will determine whether dismissal of defendant's postconviction petition was erroneous. We review *de novo* the dismissal of a postconviction petition at the first stage of proceedings. See, *e.g.*, *People v. Swamynathan*, 236 Ill. 2d 103, 113 (2010).

¶ 13    The Act provides a mechanism for a criminal defendant to assert his conviction or sentence was based on a substantial denial of constitutional rights. 725 ILCS 5/122-1(a) (West 2020). "A postconviction proceeding is not an appeal from the judgment of conviction, but is a collateral attack on the trial court proceedings." *People v. English*, 2013 IL 112890, ¶ 21. The Act sets forth a three-stage procedure for adjudicating postconviction petitions. *People v. Harris*, 224 Ill. 2d 115, 125 (2007). At the first stage, the trial court must, within 90 days, "independently assess the substantive merit of the petition." *Id.* at 126; 725 ILCS 5/122-2.1 (West 2020). The court must dismiss the petition if it finds it to be "frivolous" or "patently without merit." *Id.* § 122-2.1(a)(2). "A postconviction petition is frivolous or patently without merit when its allegations, taken as true and liberally construed, fail to present the gist of a constitutional claim." *Harris*, 224 Ill. 2d at 126. If the petition is not dismissed at the first stage, "it advances to the second stage [citation], where the court may appoint counsel and the State may move to dismiss the petition." *Id.*; 725 ILCS 5/122-2.1(b), 122-4, 122-5 (West 2020). If the

- 4 -

defendant is able to make a substantial showing of a constitutional violation, the petition advances to the third and final stage for an evidentiary hearing. *Id.* § 122-6.

¶ 14 Here, defendant filed his postconviction petition on May 19, 2022. The petition was captioned, "*Pro Se* Petition for Post-Conviction Relief" and indicated it was being filed "pursuant to the Illinois Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.*)." On the same day, defendant also filed a boilerplate motion for leave to file a successive postconviction petition. Also on May 19, 2022, the trial court entered the following order:

"Defendant filed a motion for leave to file a successive post conviction petition signed on 5/05/2022 and filed in circuit Court on 5/19/2022. Defendant also filed a successive post conviction petition signed on 5/12/2022 and filed on 5/19/2022. Defendant presently has appealed this case which is pending in the 4th District Court. Accordingly, the Court does not have jurisdiction of this case."

¶ 15 We agree with defendant the trial court erred in finding it lacked jurisdiction to address defendant's petition. In *Harris*, the supreme court noted, "[t]here is no provision in the Act barring a postconviction case from proceeding at the same time as a direct appeal." *Harris*, 224 Ill. 2d at 126. "Thus, there is no basis in either the Act's language or in this court's jurisprudence for the proposition that a postconviction proceeding may not proceed at the same time as a direct appeal." *Id.* at 128. Based on the holding in *Harris*, it is clear the court here erred in finding it lacked jurisdiction to consider defendant's petition because his direct appeal was still pending.

¶ 16 As noted above, the parties agree a remand is necessary. However, defendant argues the petition should be advanced to the second stage of proceedings by default since the

trial court failed to address its merits within 90 days of its docketing, whereas the State maintains we should remand for further first-stage proceedings with directions to the court to admonish defendant pursuant to *Shellstrom*.

¶ 17 Defendant relies on *People v. McDonald*, 373 Ill. App. 3d 876 (2007), in support of his position. In *McDonald*, the *pro se* defendant's postconviction petition was docketed on October 30, 2003, and he captioned it, "Ill. Post-Conviction Petition." *Id.* at 877. On November 14, 2003, the trial court summarily dismissed the petition without addressing its potential merit, concluding the defendant had failed to clearly indicate his petition had been filed under section 122-1(d) of the Act. *Id.* at 878. The defendant appealed, and the *McDonald* court reversed and remanded. The court began its analysis by finding the trial court had erred in dismissing the petition for failure to cite section 122-1 of the Act. *Id.* at 881. Having found the trial court erred, the *McDonald* court noted, "[t]he question then becomes whether we remand this case for a stage-one or a stage-two proceeding under the Act." *Id.* The *McDonald* court held that remand for second-stage proceedings was proper because the trial court had failed to address whether the defendant's petition was "frivolous or patently without merit" within 90 days of docketing, as required by section 122-2.1(a) of the Act. *Id.* "Instead, the [trial] court summarily dismissed defendant's petition based solely on defendant's failure to refer to section 122-1 by number—a decision we now reverse. No reported decision authorizes us to turn back the clock on the 90-day requirement." *Id.*

¶ 18 Although the facts in *McDonald* are not identical to those now before us, we nonetheless find its holding and reasoning instructive. As was the case in *McDonald*, the trial court here dismissed defendant's petition because of a perceived technical defect—*i.e.*, the filing of the petition while the direct appeal was still pending. However, as we discussed above, the

court erred in concluding it lacked jurisdiction to address the potential merit of defendant's petition. Moreover, like the *McDonald* court, we are unaware of any authority authorizing this court "to turn back the clock on the 90-day requirement." *Id.* As was the case in *McDonald*, because the court here failed to address whether defendant's petition was frivolous or patently without merit within 90 days of its docketing, defendant's petition must advance to the second stage of postconviction proceedings by default on remand. See *id.*; *Harris*, 224 Ill. 2d at 126-30; 725 ILCS 5/122-2.1(a), (b) (West 2020).

¶ 19     In closing, we note that, contrary to the State's assertion, the holding in *Shellstrom* does not apply to the facts of this case. In *Shellstrom*, the supreme court held as follows:

> "[I]n the future, *when a circuit court is recharacterizing as a first postconviction petition a pleading that a pro se litigant has labeled as a different action cognizable under Illinois law*, the circuit court must (1) notify the *pro se* litigant that the court intends to recharacterize the pleading, (2) warn the litigant that this recharacterization means that any subsequent postconviction petition will be subject to the restrictions on successive postconviction petitions, and (3) provide the litigant an opportunity to withdraw the pleading or to amend it so that it contains all the claims appropriate to a postconviction petition that the litigant believes he or she has." (Emphasis added.) *Shellstrom*, 216 Ill. 2d at 57.

Thus, the *Shellstrom* admonishments the State refers to apply only "when a circuit court is recharacterizing as a first postconviction petition a pleading that a *pro se* litigant has labeled as a different action cognizable under Illinois law." *Id.* Here, defendant did not file a pleading labeled

as something other than a postconviction petition. Instead, defendant labeled his pleading "*Pro Se* Petition for Post-Conviction Relief" and indicated it was being filed "pursuant to the Illinois Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.*)." Thus, *Shellstrom* is inapplicable under the instant circumstances, and we reject the State's argument as a result.

¶ 20                                  III. CONCLUSION

¶ 21         For the reasons stated, we reverse the trial court's judgment and remand for second-stage postconviction proceedings.

¶ 22         Reversed and remanded.