2023 IL App (1st) 221448-U

SIXTH DIVISION
August 31, 2023

No. 1-22-1448

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 14 CR 20346 |
| | ) | |
| EDDIE SHANKLIN, | ) | Honorable |
| | ) | Neera Lall Walsh, |
| Defendant-Appellant. | ) | Judge Presiding. |

PRESIDING JUSTICE MIKVA delivered the judgment of the court.
Justices C.A. Walker and Oden Johnson concurred in the judgment.

**O R D E R**

¶ 1    *Held*:   Where the trial court failed to treat defendant's post-trial filing as a *pro se* petition for postconviction relief and rule on it as such within 90 days, the court's summary dismissal of the petition is reversed and this matter is remanded for second-stage proceedings.

¶ 2    On March 17, 2016, defendant Eddie Shanklin pled guilty to one count of predatory criminal sexual assault of a child. On August 4, 2022, Mr. Shanklin filed a *pro se* document referencing his 2016 plea agreement. The circuit court struck it from the court call. On appeal, Mr. Shanklin argued that his filing, which referenced the Post-Conviction Hearing Act (the Act) (725

ILCS 5/122-1 *et seq.* (West 2020)), should have been treated as a postconviction petition and could therefore only be dismissed in accordance with the provisions of section 122-2.1(a)(2), which were not followed here. *Id.* at § 122-2.1(a)(2). We agree and reverse and remand for second-stage postconviction proceedings.

¶ 3                                        I. BACKGROUND

¶ 4       On March 17, 2016, Eddie Shanklin pled guilty to one count of predatory criminal sexual assault of a child pursuant to an agreed-upon plea deal. He was sentenced to 17 years in prison. On May 13, 2016, Mr. Shanklin moved to withdraw his guilty plea. He attached a letter dated February 24, 2016, in which he described confusion about the proceedings, poor communication with his attorney, and the attorney's inadequate preparation regarding the case. On May 27, 2016, the circuit court dismissed the motion as untimely.

¶ 5       On August 4, 2022, Mr. Shanklin filed a *pro se* document that he titled "Motion for Reconsideration." The opening paragraph states: "Now comes Eddie Shanklin Jr., pursuant to 725 ILCS 5/122-1, and prays this court reconsider the denial of his postconviction petition." "725 ILCS 5/122-1" is, of course, the Post-Conviction Hearing Act. This opening paragraph was followed by five numbered paragraphs in which Mr. Shanklin alleged that he received ineffective assistance of counsel, was denied due process, and was not culpably negligent concerning the timeliness of his 2016 motion to withdraw his guilty plea.

¶ 6       The circuit court struck Mr. Shanklin's filing from the court call. In an oral ruling the court stated:

"[Mr. Shanklin] filed a *pro se* motion which is captioned 'motion for reconsideration.' Defendant is asking for the Court to reconsider the denial of his post-conviction petition. That is not a motion that this court recognizes. It is not the appropriate vehicle for the

defendant to file. Therefore, the defendant's *pro se* motion is stricken."

¶ 7     The certified report of disposition from the clerk restated the same. It reads: "There is no Motion recognized to Reconsider denial of [a] Post-Conviction Petition and [the filing] is therefore stricken from the court call." The judge's handwritten notes appeared on the criminal disposition, or "half-sheet," and said, "stricken no motion recognized 'motion to reconsider denial of post-conviction petition.' "

¶ 8                                   II. JURISDICTION

¶ 9     On August 15, 2022, the circuit court struck Mr. Shanklin's filed document from the call. Mr. Shanklin filed a notice of appeal that he certified as having been filed on September 15, 2022, by placing it in the mailbox at the institution where he was incarcerated. The deadline for a timely appeal was September 14, 2022. Mr. Shanklin's notice was one day late.

¶ 10    On January 5, 2023, appointed counsel for Mr. Shanklin filed a motion for leave to file a late notice of appeal under Supreme Court Rule 606(c) (eff. Mar. 12, 2021). That Rule allows this court to grant an extension of up to six months after the expiration of the time to file a notice of appeal in criminal cases, upon a proper showing that there was no culpable negligence and that the appeal has merit. This court granted Mr. Shanklin leave to file that late notice of appeal. We thus have jurisdiction under Article VI, Section 6, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Supreme Court Rules 606 and 651 (eff. July 1, 2017), governing appeals from final judgments in postconviction proceedings.

¶ 11                                  III. ANALYSIS

¶ 12    We review the dismissal of a postconviction petition *de novo*. *People v. Sanders*, 2016 IL 118123, ¶ 31. In noncapital cases, postconviction proceedings consist of three possible stages. *People v. Tate*, 2012 IL 112214, ¶ 9. At the first stage, the circuit court has 90 days "after the filing

and docketing" of the petition to dismiss or else the case proceeds to the second stage. *People v. McDonald*, 373 Ill. App. 3d 876, 881 (2007). At the second stage, the court appoints legal counsel, and the petitioner has an opportunity to amend. 725 ILCS 5/122-2.1 (West 2020). "Most postconviction petitions are drafted by *pro se* defendants, and accordingly, the threshold for a petition to survive the first stage of review is low." *People v. Allen*, 2015 IL 113135, ¶ 24. The Act outlines the pleading requirements in section 122-1(d). 725 ILCS 5/122-1(d) (West 2020). The relevant portion reads: "A person seeking relief by filing a petition under this Section must specify in the petition or its heading that it is filed under this Section."

¶ 13    Mr. Shanklin's filing complied. In the first sentence, Mr. Shanklin stated he filed the petition "pursuant to 725 ILCS 5/122-1." The State acknowledges as much, stating in its brief that "[the motion] technically is a post-conviction petition under 725 ILCS 5/122-1(d)." The State does not dispute, nor could it, that Mr. Shanklin's *pro se* filing was a postconviction petition.

¶ 14    The State's argument is that, although the circuit court never acknowledged that this was a postconviction petition, the court properly treated it as such and the circuit court's decision should thus be affirmed.

¶ 15    The Post-Conviction Act is very specific in its requirements:

"(a) Within 90 days after the filing and docketing of each petition, the court shall examine such petition and enter an order thereon pursuant to this Section.

\*\*\*

(2) If the petitioner is sentenced to imprisonment and the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision.

(b) If the petition is not dismissed pursuant to this Section, the court shall order the petition to be docketed for further consideration in accordance with Sections 122-4 through 122-6." 725 ILCS 5/122-2.1 (West 2020).

¶ 16    While the circuit court acted within 90 days, as the statute required, it never determined, as the statute also requires, that the petition was frivolous or patently without merit. Rather, in its oral ruling, the court struck Mr. Shanklin's filing as "not a motion that this court recognizes." In addition, the circuit court did not enter a written order, as the Act also requires, that specified the findings of fact or conclusions of law that supported a finding that the petition lacked merit. Rather, the only written explanation appears on the certified report of disposition from the clerk of the court, as well as the court's criminal disposition sheet—which are the judge's private notes and not given to the petitioner. Neither of those were written rulings that complied with the Act.

¶ 17    We addressed a similar scenario in *People v. McDonald*, 373 Ill. App. 3d 876 (2007). There, the circuit court dismissed a post-trial filing even though the defendant wrote "Ill. Post-Conviction Petition" or "Post-Conviction Petition" at the top of every page. *Id.* at 880. The defendant also cited the statute in an appendix. *Id.* at 878, 880. Unconvinced that the filing was, in fact, a postconviction petition subject to the Act, the circuit court stated, "whatever he filed is dismissed." *Id.* at 878. This court reversed. *Id.* at 881. We held that, by referencing the Act's name in the captions and appendix, the petition invoked the Post-Conviction Hearing Act. Here, too, citing the Act in the filing's first sentence sufficiently references the Act.

¶ 18    *People v. Weber*, 2021 IL App (2d) 190841, is also similar. The defendant in that case filed a section 2-1401 petition for relief from judgment following several convictions resulting from a jury trial. *Id.* ¶ 4. In two footnotes, the petitioner argued that the court could, in the alternative, construe the filing as a postconviction petition pursuant to section 122-1(d) of the Act. *Id.* ¶ 7. The

circuit court treated the filing as a section 2-1401 motion alone and dismissed. *Id.* ¶ 22. This court reversed. *Id.* ¶ 26. The footnotes "met the requirements of section 122-1(d) by naming and citing the act." *Id.* ¶ 15. If citing the Act in footnotes was sufficient in *Weber*, asking the court to consider the filing "pursuant to 725 ILCS 5/122-1" in the opening sentence is certainly sufficient here.

¶ 19    The State contends that the circuit court's failure to follow the procedure in the Post-Conviction Act does not matter for several reasons: (1) Mr. Shanklin "was notified of the court's order and of his right to appeal," (2) "the notice of the disposition was sent to [him]," and (3) the notice advised Mr. Shanklin "that he had a right to have an attorney assist him in appealing the dismissal," a right available under the Act. These admonishments were all provided in a notice that Mr. Shanklin received from the clerk of the circuit court. This appears to be the same notice that a petitioner would receive together with an order dismissing a postconviction petition. However, the transmission of this notice does not satisfy the requirements of the Act that the circuit court examine the petition within 90 days and assess whether it is frivolous or without merit and provide a written ruling. This was simply not done in this case.

¶ 20    The State also suggests that Mr. Shanklin's petition is both frivolous and patently without merit and this court should affirm on that basis. According to the State, because Mr. Shanklin "failed to provide any factual basis or detail on any of his claims," the circuit court properly dismissed the petition. However, the Post-Conviction Act is clear. If a petition is not dismissed pursuant to section 122-2.1—*i.e.*, within 90 days upon the entry of a written order explaining why it is frivolous or patently without merit—the petition must be docketed for second-stage proceedings. 725 ILCS 5/122-2.1(a) (West 2020).

¶ 21    Finally, the State tries to distinguish *McDonald* and *Weber*. It argues both decisions were based on the failure of the respective circuit courts to dismiss the petitions within 90 days of filing

and docketing and not on a failure to address the merits of the petitions in writing. It points out that the circuit court here addressed Mr. Shanklin's petition 11 days after it was filed.

¶ 22    It is true that, in *McDonald*, the petitioner filed his motion in June and the circuit court did not dismiss it until November. *McDonald*, 373 Ill. App. 3d at 878. But this court based its reversal on independently sufficient grounds that are applicable to Mr. Shanklin's situation. We stated, "*[e]ven if we take the October *** docketing date as our starting point*, [the reversible error in this case is that the] circuit court did not dismiss the petition as 'frivolous or patently without merit' within 90 days of docketing." (Emphasis added.) *Id.* at 881.

¶ 23    Similarly, in *Weber*, the circuit court dismissed the defendant's *pro se* petition after nearly 200 days elapsed. *Weber*, 2021 IL App (2d) 190841, ¶ 25. While that error alone was a sufficient ground to reverse, this court addressed both the timing of the dismissal as well as the court's failure to address the petition's merits in our reversal, saying, "[w]e *** reverse and remand solely because the trial court failed to address within the statutory 90-day period *whether the postconviction petition was 'frivolous or patently without merit*.' " (Emphasis added.) *Id.* ¶ 26. Although the circuit court here disposed of Mr. Shanklin's petition within 90 days, it failed to do so on the basis that it was "frivolous or patently without merit." *Id. McDonald* and *Weber* make clear that both requirements must be met for a first-stage dismissal to be proper.

¶ 24    A full year has now elapsed since Mr. Shanklin filed his *pro se* petition. The circuit court did not dismiss the motion as frivolous or patently without merit within 90 days of docketing. The court's order must therefore be reversed. *McDonald*, 373 Ill. App. 3d at 881. And because "no reported decision authorizes [this court] to turn back the clock on the 90–day requirement," this case must be remanded for second-stage proceedings. *Id.*

¶ 25                                    IV. CONCLUSION

¶ 26    For the foregoing reasons, we reverse the circuit court's order that struck Mr. Shanklin's

postconviction petition and remand for second-stage proceedings under the Act.

¶ 27    Reversed and remanded.