NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 250406-U

NO. 4-25-0406

IN THE APPELLATE COURT

FILED
February 23, 2026
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Mason County |
| TREVOR L. JUSTICE, | ) | No. 22CF33 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Michael L. Atterberry, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Knecht and Vancil concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court reversed and remanded, holding that defendant's *pro se* postconviction petition stated an arguable claim of ineffective assistance of counsel.

¶ 2    Defendant, Trevor L. Justice, appeals the summary dismissal of his *pro se* postconviction petition at the first stage of postconviction proceedings. Defendant argues the matter should be remanded for second-stage proceedings because (1) the trial court failed to properly review the merits of his *pro se* postconviction petition within 90 days of its docketing, or, alternatively, (2) the petition stated the gist of a claim that his constitutional rights to a jury trial and the effective assistance of counsel were violated. We reverse and remand.

¶ 3                               I. BACKGROUND

¶ 4                               A. The Charges

¶ 5    On May 31, 2022, defendant was charged in the instant case, Mason County case

No. 22-CF-33, with possession of more than 5 but less than 15 grams of methamphetamine (720 ILCS 646/60(a), (b)(2) (West 2022)). The public defender was appointed to represent defendant.

¶ 6        At the time defendant was charged in the instant case, charges were pending against him in Mason County case No. 22-CF-10 for aggravated fleeting or attempting to elude a peace officer (625 ILCS 5/11-204.1(a)(1) (West 2022)) and driving while his license was revoked or suspended (*id.* § 6-303(a), (d-3)). See *People v. Justice*, 2024 IL App (4th) 230575-U, ¶ 5.

¶ 7                              B. Jury Waivers

¶ 8        At a hearing on September 14, 2022, defense counsel advised the trial court that defendant had chosen to waive his right to a jury trial in the instant case in and in case No. 22-CF-10. Defendant stated: "After discussing the case in its entirety with [the assistant state's attorney] and my attorney I'm willing to waive my jury trial—my right to a jury trial and speedy trial today." The court then questioned defendant concerning his decision to waive his right to a jury trial. The following exchange occurred:

          "THE COURT: All right, did anyone make any threats or promises to you in exchange for your waiver of jury trial in this matter?

          [DEFENDANT]: There was an agreement between myself and my defense counsel and the State.

          THE COURT: A partial type of agreement?

          [DEFENDANT]: Yes, [Y]our Honor.

          THE COURT: That's not revealed yet but that's the only thing that's been discussed, no one said that your arm is going to be twisted or that you will undergo some kind of torture or anything like that?

[DEFENDANT]: No tape over my mouth, [Y]our Honor.

THE COURT: All right, that's a figure of speech you understand?

[DEFENDANT]: Yes, sir."

The court accepted defendant's jury trial waiver.

¶ 9         On October 20, 2022, the trial court held a pretrial hearing and set the matter for trial in the instant case on November 10, 2022.

¶ 10        On November 3, 2022, defendant appeared at a status hearing at which he was represented by a different attorney from the public defender's office. The trial court stated that a trial had been set for the next week, but the State had filed a motion to continue because one of its witnesses was unavailable. Defense counsel advised the court that defendant objected to the continuance and had indicated that "he would like his jury trial right back." Counsel stated he would need to "look into" this or speak to defendant's assigned attorney about it. The court granted the State's motion to continue and set the trial for November 14, 2022.

¶ 11                      C. Trial and Appeal in Case No. 22-CF-33

¶ 12        On November 14, 2022, a bench trial was held in the instant case, and the trial court found defendant guilty. The court subsequently sentenced defendant to 14 years' imprisonment. On direct appeal, defendant raised issues concerning a motion for substitution of judge he had filed and the trial court's failure to conduct a preliminary *Krankel* inquiry (see *People v. Krankel*, 102 Ill. 2d 181 (1984)) at his sentencing hearing. *People v. Justice*, 2023 IL App (4th) 230068-U, ¶ 3. This court affirmed the judgment of the trial court. *Id.* ¶ 38.

¶ 13                      D. Trial and Appeal in Case No. 22-CF-10

¶ 14        While defendant's direct appeal in the instant case was pending, a bench trial was held in case No. 22-CF-10. *Justice*, 2024 IL App (4th) 230575-U, ¶ 7. The trial court found

defendant guilty of both counts and sentenced him to concurrent terms of five years' imprisonment. *Id.* ¶ 8.

¶ 15 After the sentencing hearing in case No. 22-CF-10, defendant filed a "Motion for Reinstatement of Jury Trial," which alleged that he did not understandingly waive his right to a jury trial because " 'he was under the impression he would be allowed to go to [rehabilitation] before the case moved further in return for his jury trial waiver.' " *Id.* ¶ 9. He also filed a *pro se* motion alleging, *inter alia*, his counsel was ineffective for failing to file a timely motion to reinstate his right to a jury trial. *Id.*

¶ 16 At a hearing on the motions, the trial court found that defendant's *pro se* motion did not state a valid claim of ineffective assistance of counsel. *Id.* ¶ 10. The court then asked the State about its understanding of the factual basis for defendant's claims concerning the jury waiver. *Id.* ¶ 11. The State indicated that, during a conversation it had with defense counsel and defendant, it informed defendant that it would not object to a furlough if defendant was able to find a bed in a residential rehabilitation facility. *Id.* The State asserted defendant was informed that there was no guarantee that this would happen because granting a furlough was ultimately in the discretion of the court. *Id.* Defendant then stated that his counsel was ineffective for failing to move to reinstate his right to a jury trial earlier, noting that he had requested that such a motion be filed on November 3, 2022, and he had made requests prior to that as well. *Id.* The court denied the motion for reinstatement of jury trial. *Id.*

¶ 17 Defendant appealed, and argued, *inter alia*, that his trial counsel was ineffective for failing to file a timely motion to reinstate his right to a jury trial, and we affirmed the trial court's judgment. *Id.* ¶¶ 18, 36. This court found the record did not contain the full terms of defendant's alleged agreement with the State or information establishing that the State had

- 4 -

reneged on the alleged agreement. *Id.* ¶ 20. We also rejected defendant's argument that prejudice should be presumed as it was in cases involving errors impinging on a defendant's fundamental right to waive a jury trial, finding there was no fundamental right to withdraw a jury waiver. *Id.* ¶¶ 21-22.

¶ 18      E. Postconviction Proceedings in Case No. 22-CF-33

¶ 19   On July 25, 2024, defendant filed a *pro se* postconviction petition in the instant case, in which he argued, *inter alia*, that his jury waiver was invalid because it was "part of an agreement" between him, his attorney, and the state's attorney, which was reached off the record on September 14, 2022. Defendant asserted that his attorney provided ineffective assistance by giving him "erroneous information," upon which he based his jury waiver. Specifically, defendant indicated his attorney incorrectly told him that if he was not able to attend an inpatient treatment program, he would still be able to have a jury trial because "that would mean the State failed the agreement." Defendant alleged he would not have waived his right to a jury trial had he not been misinformed on this point by his attorney. Defendant also argued that his appellate counsel was ineffective for failing to raise these claims concerning his jury waiver.

¶ 20   Along with his *pro se* postconviction petition, defendant filed an affidavit in which he averred that, on September 14, 2022, he and his attorney spoke to the prosecutor. According to the affidavit, the State indicated that, if defendant waived his right to a jury trial, it would agree to a furlough that would allow him to attend inpatient substance abuse treatment. In the affidavit, defendant stated, "My attorney assured me that if I was later not able to attend inpatient treatment, I would be able to have the court reinstate my right to a jury trial. With this understanding, I agreed to waive my right to a jury trial." Defendant asserted that, after he waived his right to a jury trial, the State "rushed [him] into a bench trial without allowing [him]

time to get bed space at an inpatient treatment facility." Defendant stated he asked his attorney to request a continuance to give him more time to find a treatment facility and she told him the State would not agree to any continuances. Defendant stated he then began requesting that his attorney file a motion to reinstate his right to a jury trial, as he did not believe the State was upholding its end of the agreement. Defendant stated he would not have waived his right to a jury trial if he had known his attorney "could not or would not motion for and obtain the reinstatement of [his] right to a jury trial."

¶ 21    On October 23, 2024, the trial court entered a written order dismissing defendant's *pro se* postconviction petition on the basis that it was frivolous or patently without merit. The caption of the order indicated it was entered in case No. 22-CF-10. The order stated that a bench trial had been held on March 2, 2023, and a sentencing hearing on April 28, 2023. The order also stated the court had reviewed the opinion in *Justice*, 2024 IL App (4th) 230575-U, "wherein many of the same or similar issues were considered by the Fourth District Appellate Court on direct appeal." The court found that defendant's claims related to his jury waiver were "either raised and decided by the Fourth District Appellate Court upon direct appeal in the above described opinion and are thus barred by *res judicata*, or are completely contradicted by the record herein, or both."

¶ 22    This appeal followed.

¶ 23                    II. ANALYSIS

¶ 24    On appeal, defendant argues that (1) his *pro se* postconviction petition should be remanded for second-stage proceedings because the trial court failed to properly review the merits of the petition within 90 days of its docketing, or, alternatively, (2) the petition stated the gist of a claim that his constitutional rights to the effective assistance of counsel and a jury trial

- 6 -

were violated.

¶ 25 The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2024)) provides a means by which imprisoned individuals may assert that their convictions were the result of a substantial denial of their constitutional rights. *People v. Johnson*, 2021 IL 125738, ¶ 22. Under the Act, there is a three-stage procedure for postconviction relief. *Id.* ¶ 21. At the first stage, a trial court shall summarily dismiss a petition if the court determines it to be "frivolous or *** patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2024); see *People v. Allen*, 2015 IL 113135, ¶ 21. If the petition is not summarily dismissed at the first stage, it is docketed for further consideration. *Allen*, 2015 IL 113135, ¶ 21. At the second stage of postconviction proceedings, counsel may be appointed to represent an indigent defendant, and the defendant has the burden of making a substantial showing of a constitutional violation. *Id.*; *Johnson*, 2021 IL 125738, ¶ 27. If the defendant makes the requisite substantial showing at the second stage, the matter proceeds to a third-stage evidentiary hearing. *Johnson*, 2021 IL 125738, ¶ 27.

¶ 26 Where, as in the instant case, a postconviction petition is summarily dismissed without an evidentiary hearing, the trial court's decision is subject to *de novo* review. *Id.* ¶ 28.

¶ 27 A. Failure to Review Petition Within 90 Days

¶ 28 Defendant first argues that the matter should be remanded for second-stage proceedings on his *pro se* postconviction petition because the trial court failed to properly review the merits of the petition within 90 days, as required by section 122-2.1 of the Act (725 ILCS 5/122-2.1 (West 2024)). Section 122-2.1 provides:

> "(a) Within 90 days after the filing and docketing of each petition, the
> court shall examine such petition and enter an order thereon pursuant to this

Section.

\*\*\*

(2) If the petitioner is sentenced to imprisonment and the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision. Such order of dismissal is a final judgment and shall be served upon the petitioner by certified mail within 10 days of its entry.

(b) If the petition is not dismissed pursuant to this Section, the court shall order the petition to be docketed for further consideration \*\*\*.

(c) In considering a petition pursuant to this Section, the court may examine the court file of the proceeding in which the petitioner was convicted, any action taken by an appellate court in such proceeding and any transcripts of such proceeding." *Id.*

¶ 29 Defendant argues that, although the trial court entered an order dismissing the petition within 90 days of its docketing, the court assessed the merits of the petition utilizing the court file, transcripts, and appeal from case No. 22-CF-10 rather than the court file of the instant case. Defendant contends that, in order to properly consider whether the claims in the petition were frivolous, the court had to consider the underlying proceedings that actually resulted in the conviction being challenged.

¶ 30 Defendant further argues that *People v. McDonald*, 373 Ill. App. 3d 876 (2007), is instructive. In *McDonald*, the trial court entered an order dismissing a *pro se* postconviction petition for failing to adequately cite the Act, but it did not discuss the merits of the petition or indicate whether it found the petition to be frivolous or patently without merit. *Id.* at 878. The

*McDonald* court held that the trial court erred by summarily dismissing the postconviction petition on this basis. *Id.* at 880. The *McDonald* court further held that the matter should be remanded for second-stage proceedings rather than first-stage proceedings because the trial court "failed to address whether the petition was 'frivolous or patently without merit' within the 90-day period," as required by section 122-2.1(a) of the Act (725 ILCS 5/122-2.1(a) (West 2002)). *McDonald*, 373 Ill. App. 3d at 881.

¶ 31 Defendant asserts that, like in *McDonald*, the trial court failed to properly consider within the statutory 90-day period whether the *pro se* postconviction petition filed in this case stated the gist of a claim that there was a substantial denial of defendant's constitutional rights in the proceedings which resulted in his conviction. Defendant contends that the court instead based its dismissal on its mistaken belief that the petition had been filed in case No. 22-CF-10.

¶ 32 The State argues that the trial court did not err by referring in its dismissal order to the decision in *Justice*, 2024 IL App (4th) 230575-U, and "its legal effect on the allegations in the petition." The State further argues that the court made a "scrivener's mistake in mis-identifying the correct case number in the caption of [its] order" and that this mistake did "not affect or change the efficacy of the judge's substantive ruling that supports the summary dismissal of [the] petition."

¶ 33 We disagree with the State that the trial court's misidentification of the case number can be dismissed as a mere "scrivener's error." The court not only used the wrong case number in the caption, but it referred to the dates the trial and sentencing hearing were held in case No. 22-CF-10 rather than the instant case, and it referred to the decision in *Justice*, 2024 IL App (4th) 230575-U, as the "direct appeal" of the case.

¶ 34          While we do not agree with the State that the trial court's summary dismissal order contained a mere scrivener's error, we do not find that *McDonald* supports remanding the matter on the basis that the trial court failed to properly rule on the merits petition within 90 days. Unlike in *McDonald*, the court's order summarily dismissing the petition in this case contained a clear finding that the petition was frivolous or patently without merit. While the court appeared to incorrectly believe that the petition had been filed in case No. 22-CF-10, it did not base its summary dismissal of the petition solely on a mistaken belief that a technical defect existed without consideration of whether the claims in the petition were frivolous or patently without merit, as had the court in *McDonald*. See *McDonald*, 373 Ill. App. 3d at 881; *People v. Taylor*, 2023 IL App (4th) 220623-U, ¶ 18.

¶ 35          Accordingly, we will proceed to consider the propriety of the trial court's judgment of summary dismissal without deference to the court's judgment or reasoning in our *de novo* review. See *People v. Tyler*, 2015 IL App (1st) 123470, ¶ 151 ("Under the *de novo* standard of review, the reviewing court does not need to defer to the trial court's judgment or reasoning."); *People v. Anderson*, 401 Ill. App. 3d 134, 138 (2010) ("We review the trial court's judgment, not the reasons cited, and we may affirm on any basis supported by the record if the judgment is correct.").

¶ 36           B. Whether the Petition Stated the Gist of a Constitutional Claim

¶ 37          Defendant argues that the matter should be remanded for second-stage proceedings because his petition stated the gist of a claim that his constitutional rights were violated. Specifically, defendant asserts that his *pro se* postconviction petition alleged that he waived his right to a jury trial based on the State's agreement to a furlough for him to attend inpatient substance abuse treatment and on his attorney's incorrect assurances that he would be

able to reinstate his right to a jury trial if he was not able to attend treatment. Defendant contends that these allegations, taken as true, state the gist of a claim that his rights to the effective assistance of counsel and a jury trial were violated. We agree.

¶ 38     As previously stated, at the first stage of postconviction proceedings, a trial court shall summarily dismiss a petition if it determines the petition to be frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2024); see *Allen*, 2015 IL 113135, ¶ 21. "A petition is frivolous or patently without merit if it has no arguable basis either in law or in fact." (Internal quotation marks omitted.) *Johnson*, 2021 IL 125738, ¶ 26.

¶ 39     "The first stage of postconviction proceedings presents a 'low threshold,' requiring only that the petitioner plead sufficient facts to assert an arguably constitutional claim." *Id.* ¶ 25. "A petitioner need only allege sufficient facts to state the 'gist' of a constitutional claim for the petition to be advanced to the second stage." *Id.* ¶ 26. At this stage, "all well-pleaded facts that are not positively rebutted by the original trial record are to be taken as true." *People v. Coleman*, 183 Ill. 2d 366, 385 (1998).

¶ 40     A criminal defendant has a fundamental right to a jury trial, guaranteed by both the federal and State constitutions. *People v. Bannister*, 232 Ill. 2d 52, 65 (2008); see U.S. Const., amends. VI, XIV; Ill. Const.1970, art. I, §§ 8, 13 This right includes the right to waive a jury trial. *Bannister*, 232 Ill. 2d at 65. Also, "[b]oth the United States and Illinois Constitutions guarantee a criminal defendant the right to effective assistance of counsel." *People v. Peterson*, 2017 IL 120331, ¶ 79; see U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8. "At the first stage of postconviction proceedings under the Act, a petition alleging ineffective assistance may not be summarily dismissed if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced."

*People v. Hodges*, 234 Ill. 2d 1, 17 (2009).

¶ 41 Here, taking as true defendant's claim that his counsel advised him that he would be able to withdraw his jury waiver if the State reneged on the alleged agreement concerning a furlough for defendant to obtain substance abuse treatment, defendant has established that it is arguable that his counsel performed deficiently. "Although a defendant has a right to a trial by jury, once he has voluntarily waived that right he cannot then withdraw his waiver as a matter of right." *People v. Peacock*, 324 Ill. App. 3d 749, 753 (2001). Rather, "[t]he question of whether a jury waiver may be withdrawn rests within the discretion of the trial court unless the circumstances indicate the defendant was unaware of the consequences of the waiver." *People v. Hall*, 114 Ill. 2d 376, 414 (1986).

¶ 42 We find the allegations in defendant's *pro se* postconviction petition, liberally construed, indicate that his attorney advised him he would be able to withdraw his jury waiver as a matter of right if the State did not agree to a furlough pursuant to their agreement. This alleged advice was legally incorrect, as the decision to allow defendant to withdraw his jury waiver would have been left to the discretion of the trial court. See *id.* Accordingly, defendant adequately alleged that his counsel's performance was arguably deficient.

¶ 43 The allegations in defendant's *pro se* postconviction petition also establish that he was arguably prejudiced by his counsel's alleged deficient performance. When a defendant's challenge to a jury waiver is based on a claim of ineffective assistance of counsel, a defendant establishes prejudice by showing a reasonable likelihood exists that he would not have waived his right to a jury trial absent the alleged error. *People v. Batrez*, 334 Ill. App. 3d 772, 782 (2002); see *People v. Todd*, 178 Ill. 2d 297, 318 (1997) (holding that where the defendant claimed that his counsel was ineffective for including a legally incorrect provision in his written

jury waiver, the relevant question under the prejudice prong was whether a reasonable likelihood existed that he would have waived his jury right absent the alleged error). Here, defendant alleged in his *pro se* postconviction petition that he would not have waived his right to a jury trial if his attorney had not misinformed him that he would be able to reinstate that right if he was unable to attend substance abuse treatment. We find this allegation to be sufficient to establish arguable prejudice.

¶ 44 Notably, defendant's allegations concerning the agreement with the State and his attorney's advice are not positively rebutted by the record. When asked by the trial court at the time of his jury waiver if he had been promised anything in exchange for his waiver, defendant advised the court that there had been an agreement between him, his attorney, and the State, though the terms of this agreement were not placed on the record at that time. The record does not indicate that the court advised defendant at the time of his waiver concerning the finality of the waiver or the circumstances under which it could be revoked. Moreover, the record is silent as to what advice defense counsel gave defendant prior to his jury waiver.

¶ 45 We reject the State's argument that defendant's ineffective assistance of counsel claim is affirmatively rebutted by the record in case No. 22-CF-10. While summary dismissal of a postconviction petition "is warranted when the record positively rebuts the allegations" (*People v. Knapp*, 2020 IL 124992, ¶ 50), the State has cited no authority supporting its position that the record in a separate case can be used to positively rebut postconviction allegations at the first stage. See 725 ILCS 5/122-2.1(c) (West 2024) ("In considering a petition pursuant to this Section, the court may examine the court file *of the proceeding in which the petitioner was convicted*, any action taken by an appellate court in such proceeding and any transcripts of such proceeding." (Emphasis added.)).

¶ 46    However, even assuming that consideration of the record in case No. 22-CF-10 was proper at this stage, nothing the State has cited from the record in that case positively rebuts defendant's allegation that his attorney incorrectly advised him prior to his jury waiver that he would be able to withdraw the waiver if the State reneged on the alleged agreement. In case No. 22-CF-10, defendant argued in the trial court and on appeal that his trial counsel was ineffective for failing to file a timely motion to reinstate his right to a jury trial in that case. *Justice*, 2024 IL App (4th) 230575-U, ¶¶ 9-11, 14. The State has cited nothing from the record in that case indicating that the question of whether counsel gave defendant erroneous advice prior to the jury waiver was decided or even discussed.

¶ 47    Also, for similar reasons, we reject the State's argument that we should affirm the summary dismissal of the *pro se* postconviction petition because the issues raised therein were barred by the doctrine of collateral estoppel. The State contends that defendant raised the same issues in case No. 22-CF-10 that he raised in his *pro se* postconviction petition and a final judgment on the merits adverse to defendant was entered in that case.

¶ 48    "The doctrine of collateral estoppel bars a party from relitigating an issue decided in a prior proceeding." *People v. Pawlaczyk*, 189 Ill. 2d 177, 189 (2000). Collateral estoppel bars a party from litigating an issue when (1) the issue decided in the prior proceeding is identical with the one presented in the suit in question, (2) there was final judgment on the merits in the prior proceeding, and (3) the party against whom collateral estoped is asserted was a party in (or was in privity with a party in) the prior proceeding. *Id.*

¶ 49    In this case, defendant argued in his *pro se* postconviction petition that his attorney provided ineffective assistance by erroneously advising him that he could withdraw his jury waiver if the State reneged on the agreement they had reached concerning a furlough. The

issue raised in case No. 22-CF-10—that trial counsel was ineffective for failing to file a timely motion to reinstate defendant's right to a jury trial after the State allegedly reneged on this agreement—was not identical. See *Justice*, 2024 IL App (4th) 230575-U, ¶¶ 9-11, 14. Notably, this court found that the record was insufficiently developed in that case in various ways to address defendant's claim. *Id.* ¶ 20. Accordingly, defendant is not collaterally estopped from raising his ineffective assistance of counsel claim in the instant postconviction proceedings, and the entire petition must be docketed for second-stage review. See *People v. Romero*, 2015 IL App (1st) 140205, ¶ 27 ("If a single claim in a multiple-claim postconviction petition survives the summary dismissal stage of proceedings under the [Act], then the entire petition must be docketed for second-stage proceedings.").

¶ 50                                    III. CONCLUSION

¶ 51            For the reasons stated, we reverse the trial court's judgment summarily dismissing the *pro se* postconviction petition and remand the matter for second-stage postconviction proceedings.

¶ 52            Reversed and remanded.