NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 230068-U

NO. 4-23-0068

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 7, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Mason County |
| TREVOR L. JUSTICE, | ) | No. 22CF33 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Alan D. Tucker, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices Cavanagh and Knecht concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The circuit court did not err by failing to (1) transfer defendant's motion for
        substitution of judge for cause to another judge and (2) hold a preliminary inquiry
        into defendant's assertion of ineffective assistance of counsel.

¶ 2     In May 2022, the State charged defendant, Trevor L. Justice, by information with

one count of unlawful possession of methamphetamine (720 ILCS 646/60(a), (b)(2) (West

2022)).  Right before trial, defendant filed his third motion for substitution of judge for cause,

which was denied without the motion being transferred to a judge not mentioned in the motion.

After a November 2022 bench trial, the Mason County circuit court found defendant guilty of the

charge.  Thereafter, defense counsel filed a motion for leave to withdraw as counsel because

defendant believed a *per se* conflict of interest existed due to defendant's federal lawsuit against

defense counsel.  At a joint December 2022 hearing, the court denied defense counsel's motion

and sentenced defendant to 14 years' imprisonment.  During the hearing, defendant proclaimed

he had asserted ineffective assistance of counsel and an inquiry pursuant to *People v. Krankel*, 102 Ill. 2d 181, 464 N.E.2d 1045 (1984), was warranted. The court declined to hold a *Krankel* inquiry.

¶ 3　　　　Defendant appeals, contending he is entitled to remand for (1) a new trial because the trial judge ruled on the motion for substitution of judge for cause instead of transferring it to a different judge or (2) a *Krankel* inquiry because the trial judge failed to conduct one. We affirm.

¶ 4　　　　　　　　　　　　　I. BACKGROUND

¶ 5　　　　The May 2022 information asserted defendant knowingly possessed more than 5 grams but less than 15 grams of a substance containing methamphetamine on May 29, 2022. See 720 ILCS 646/60(a), (b)(2) (West 2022). Defendant's criminal history made him eligible for an extended-term sentence under section 5-5-3.2(b)(1) of the Unified Code of Corrections (730 ILCS 5/5-5-3.2(b)(1) (West Supp. 2021)). At the time of the charged offense, defendant had two pending criminal cases, Mason County circuit court case Nos. 21-CM-41 and 22-CF-10.

¶ 6　　　　In June 2022, defendant filed a motion for substitution of judge for cause alleging a conflict of interest with Judge Roger Thomson. The motion was referred to Judge Alan Tucker for a hearing. However, the record does not reveal a hearing on the motion took place. Instead, Judge Tucker presided over the remainder of the proceedings in the circuit court. Additionally, defendant was represented by Denise Barr, the Mason County public defender, throughout the proceedings.

¶ 7　　　　Defendant initially sought a furlough to attend substance abuse treatment, which the circuit court denied. A motion to reconsider was brought and also denied. Barr filed multiple motions for the reduction of defendant's bond, which were denied. Defendant filed

*pro se* a motion to reduce bond, which the court struck and admonished defendant Barr was his attorney. Additionally, defendant filed *pro se* three motions for review of bond with this court, all of which were denied. *People v. Justice*, No. 4-22-0590 (July 21, 2022) (motion order); *People v. Justice*, No. 4-22-0817 (Sept. 14, 2022) (motion order); *People v. Justice*, No. 4-22-0916 (Oct. 17, 2022) (motion order).

¶ 8 In August 2022, defendant filed *pro se* a motion asserting ineffective assistance of counsel and a motion asserting Barr had a conflict of interest with him because, in a prior case of his, she had represented defendant's codefendant. At an August 25, 2022, hearing, the circuit court heard defendant's claim of a conflict of interest and found one did not exist. The court refused to hold a *Krankel* inquiry despite defendant's express demand for one because *Krankel* applied to posttrial claims of ineffective assistance of counsel.

¶ 9 On September 6, 2022, Barr filed a motion for substitution of judge for cause under section 114-5(d) of the Code of Criminal Procedure of 1963 (Procedure Code) (725 ILCS 5/114-5(d) (West 2022)) asserting, *inter alia*, Judge Tucker was biased against defendant because he had sentenced defendant to the maximum sentence in a prior case, denied defendant a furlough to attend substance abuse treatment, denied all of defendant's requests for a bond reduction, and told defendant he was going to put tape over defendant's mouth at the prior hearing in this case. The motion for substitution was transferred to Judge Michael Atterberry for determination. After a September 14, 2022, hearing, Judge Atterberry denied the motion for substitution of judge for cause. That same day, defendant appeared before Judge Tucker and waived his right to a jury trial.

¶ 10 Barr filed her first motion for leave to withdraw as counsel on November 3, 2022. The motion noted Barr and defendant could not agree on how to proceed with the case,

communication had broken down between them, and defendant had no confidence in Barr. That same day, the State filed a motion to continue defendant's bench trial, and the circuit court heard both motions. At the hearing, defendant was represented by Stephen Courtney, the assistant public defender. The court noted it was not granting the motion to withdraw and defendant could represent himself or continue with Barr. Courtney noted defendant's civil lawsuit against Barr, and the court then asked defendant if he wanted to represent himself. Defendant noted his right to counsel and tried to explain his lawsuit against Barr. The court noted it would not grant the motion to withdraw one week before trial. The court granted the State's motion to continue the bench trial due to the unavailability of a State's witness and set the trial for November 14, 2022.

¶ 11　　　　　On November 14, 2022, Barr filed several motions. One was her second motion for leave to withdraw as counsel, in which she stated she and defendant had numerous disagreements over how to prepare and proceed with this case. Moreover, she noted defendant had told others represented by Barr that Barr was out to " 'smoke me.' " Defendant was dissatisfied with her performance and repeatedly accused her of ineffective assistance of counsel. Moreover, defendant had asked her to contact witnesses but was unable to give her the names of the witnesses. Defendant had also stated Barr's menopause was affecting her ability to represent him. A second motion was one for discharge and dismissal based on a speedy trial violation. The third motion was for substitution of judge for cause, in which Barr noted defendant was adamant Judge Tucker was biased against him. The motion stated Judge Tucker held a hearing on Barr's motion to withdraw as counsel. At the hearing, defendant attempted to explain his lawsuit against Barr, but Judge Tucker would not listen. Moreover, Judge Tucker gave defendant the option of representing himself or continuing to have Barr as his attorney.

Defendant asserted that offer was a violation of his sixth amendment right to counsel (see U.S. Const., amend. VI). Defendant's supporting affidavit reiterated the same facts.

¶ 12        The circuit court held a joint hearing on November 14, 2022, at which it first addressed the pending motions and then held a bench trial. The court denied all three motions. There was some confusion over the order in which the motions were addressed. It appears the court denied the motion for substitution of judge for cause based on *res judicata* and noted Judge Atterberry had already addressed the issue. Defendant interrupted the arguments on the motions numerous times. The court then proceeded to a bench trial on the unlawful possession of methamphetamine charge. The court found defendant guilty of the charged offense.

¶ 13        On November 29, 2022, Barr filed her third motion to withdraw as counsel. In the first part of her motion, Barr set forth defendant's claim a conflict of interest existed and noted defendant had filed a civil lawsuit against her in federal court. Defendant believed the lawsuit created a *per se* conflict of interest, which he would not waive. In the second part of the motion, Barr reiterated defendant's complaints of ineffective assistance of counsel.

¶ 14        On December 1, 2022, the circuit court held a joint hearing on Barr's third motion to withdraw as counsel and sentencing. The court first addressed Barr's motion, and both Barr and the prosecutor made brief arguments. Defendant then interrupted the proceedings, and the following dialogue took place:

> "THE COURT: [Defendant], you are not to talk. You are to sit down in your chair.
>
> THE DEFENDANT: I'm tired of hearing the bull***.
>
> THE COURT: Sir, either sit down or you will be removed. Your choice.
>
> THE DEFENDANT: I don't give a f*** to be honest. It's ineffective

assistance of counsel.

> THE COURT: [Defendant], now it's my turn to talk.
>
> THE DEFENDANT: I've been listening to you talk the whole time through. I'm not going to listen to Mr. Bryant's [(state's attorney)] bull\*\*\* saying that I can't—
>
> THE COURT: Sir—
>
> THE DEFENDANT: No, sir. I filed a motion for ineffective. This is a *Krankel* hearing. This triggers a *Krankel* hearing. Everything stops until I have a *Krankel* hearing. Thank you.
>
> THE COURT: All right, the court has reviewed the motion for conflict of interest and leave to withdraw. The Court will deny based on the the [*sic*] reasons previously stated—
>
> THE DEFENDANT: Get the f\*\*\* out of here."

Defendant continued to use profane language and note he had raised a claim of ineffective assistance of counsel.

¶ 15 The circuit court began to address the presentence investigation report, and a sheriff's deputy asked defendant to sit down. The following dialogue then took place:

> "THE DEFENDANT: No. You get as close you want. You say sit down. I'm f\*\*\* getting my s\*\*\* together to leave. I'm not going to be a part of this f\*\*\* kangaroo a\*\* court with a jump a\*\* judge. Conflict of interest. I filed motions to get rid of you and you're still sticking around. You couldn't even rule on that motion. I have an appeal and I'm going to take my appeal. Do you understand that?

- 6 -

THE COURT:  Do you wish to participate in the hearing, sir?

THE DEFENDANT:  There's not going to be a hearing.

THE COURT:  Yes, there is.

THE DEFENDANT:  I have a motion for ineffective—

THE COURT:  No, sir.

THE DEFENDANT:  At any time I can file this motion.

THE COURT:  I have already ruled on that.

THE DEFENDANT:  No, you didn't.  It's a motion for substitution of judge for cause.

THE COURT:  Sir, don't argue with me.

THE DEFENDANT:  I'm not arguing.  It's right here, your Honor.

THE COURT:  We're going to have a hearing here, [defendant].  One more interruption, one more interruption—

THE DEFENDANT:  I had wanted this filed.

THE COURT:  One more interruption and I'm asking the sheriff to remove you.  It's your choice.

THE DEFENDANT:  I have a motion for reconsideration.

THE COURT:  You already said that ten times—

THE DEFENDANT:  No, I didn't.

THE COURT:  —and I have already ruled on that.

THE DEFENDANT:  You can't rule on this motion.  It's a motion against you.

THE COURT:  Sir, will you remove the defendant from the courtroom."

The court continued the sentencing hearing without defendant. In addition to the presentence investigation report, the State presented the testimony of Hillary Barrett, the probation officer who drafted the report. The court read defendant's October 2022 letter to the court apologizing for his prior bad conduct in the courtroom. Barr then presented the testimony of Wilbur Justice, defendant's father, and Jessica Malott, the mother of defendant's son. After hearing the parties' arguments, the court sentenced defendant to 14 years' imprisonment.

¶ 16       On March 1, 2023, defendant filed a timely motion for leave to file a late notice of appeal in this court, which we granted. Defendant's late notice of appeal complied with Illinois Supreme Court Rule 606 (eff. Mar. 12, 2021). Accordingly, this court has jurisdiction of defendant's appeal under Illinois Supreme Court Rule 603 (eff. Feb. 6, 2013).

¶ 17                              II. ANALYSIS

¶ 18                       A. Substitution of Judge for Cause

¶ 19       Defendant first asserts he is entitled to a new trial because Judge Tucker ruled on defendant's third motion for substitution of judge for cause instead of transferring it to another judge. Defendant recognizes he did not preserve this issue for review and requests we review the matter under the plain-error doctrine (Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967)). The State asserts no error occurred because Barr's motion contained a conclusory allegation of bias, and thus Judge Tucker was not required to transfer the case to a different judge.

¶ 20       The plain-error doctrine permits a reviewing court to consider unpreserved error under the following two scenarios:

> "(1) a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) a clear or obvious error occurred

and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Sargent*, 239 Ill. 2d 166, 189, 940 N.E.2d 1045, 1058 (2010).

¶ 21 With a plain-error analysis, the reviewing court first determines whether any error occurred at all. *Sargent*, 239 Ill. 2d at 189, 940 N.E.2d at 1059. If error did occur, this court then considers whether either of the two prongs of the plain-error doctrine has been satisfied. *Sargent*, 239 Ill. 2d at 189-90, 940 N.E.2d at 1059. Under both prongs, the defendant bears the burden of persuasion. *Sargent*, 239 Ill. 2d at 190, 940 N.E.2d at 1059.

¶ 22 Section 114-5(d) of the Procedure Code provides, in pertinent part, the following: "[D]efendant may move at any time for substitution of judge for cause, supported by affidavit. Upon the filing of such motion a hearing shall be conducted as soon as possible after its filing by a judge not named in the motion ***." 725 ILCS 5/114-5(d) (West 2022).

A defendant who moves for a substitution of judge for cause under section 114-5(d) bears the burden of establishing actual prejudice. *People v. Patterson*, 192 Ill. 2d 93, 131, 735 N.E.2d 616, 638 (2000). Our supreme court has defined prejudice as "animosity, hostility, ill will, or distrust towards this defendant." (Internal quotation marks omitted.) *Patterson*, 192 Ill. 2d at 131, 735 N.E.2d at 638. Moreover, under Illinois case law, motions brought under section 114-5(d) must contain specific allegations. *People v. Johnson*, 159 Ill. 2d 97, 123, 636 N.E.2d 485, 496 (1994). The allegations are sufficient because, if taken as true, they would justify granting a substitution for cause. *People v. Klein*, 2015 IL App (3d) 130052, ¶ 85, 40 N.E.3d 720. If the allegations are insufficient, then the defendant is not entitled to a hearing before a

different judge. *Johnson*, 159 Ill. 2d at 123, 636 N.E.2d at 496. Additionally, "the defendant must make the motion at the earliest practical moment after discovering the alleged prejudice." *Johnson*, 159 Ill. 2d at 123, 636 N.E.2d at 496. The satisfaction of such requirements ensures a motion for substitution of judge was not frivolously made. *Johnson*, 159 Ill. 2d at 123, 636 N.E.2d at 496.

¶ 23　　　　Defendant asserts this issue is a matter of statutory construction, which we review *de novo*. See *People v. Tate*, 2016 IL App (1st) 140598, ¶ 13, 89 N.E.3d 766. The State disagrees with defendant and contends a motion for substitution of judge is reviewed under the manifest weight of the evidence standard. See *People v. Haywood*, 2016 IL App (1st) 133201, ¶ 29, 50 N.E.3d 1237. Given the issue of whether a motion for substitution of judge meets the threshold requirements does not involve judicial discretion and the facts are not disputed, we find the *de novo* standard of review is more appropriate. Regardless, the outcome would be the same under either standard of review. Additionally, we note this court may affirm on any basis in the record. *People v. Pankhurst*, 365 Ill. App. 3d 248, 258, 848 N.E.2d 628, 636 (2006).

¶ 24　　　　In the third motion for substitution of judge for cause, defendant for the second time asserted Judge Tucker was biased against him and noted the following facts. At the hearing on Barr's second motion to withdraw as counsel, defendant himself attempted to advise Judge Tucker he filed a lawsuit against Barr, but Judge Tucker would not listen to him. In addressing Barr's second motion to withdraw as counsel, Judge Tucker gave defendant the option to represent himself or continue with Barr as his counsel. Defendant contended Judge Tucker's aforementioned offer was a violation of defendant's sixth amendment right to counsel. Defendant's affidavit reiterated the same set of facts.

¶ 25　　　　The United States Supreme Court has recognized " 'judicial rulings alone almost

never constitute [a] valid basis for a bias or partiality motion.' " *People v. Damnitz*, 269 Ill. App. 3d 51, 55, 645 N.E.2d 465, 469 (1994) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Moreover, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

¶ 26        As to Judge Tucker's refusal to listen to defendant about his litigation against Barr, we note Judge Tucker had been made aware of that litigation before defendant attempted to explain it. Defendant was also represented by counsel at the hearing. Thus, Judge Tucker's not listening to defendant explain his lawsuit against Barr does not show any bias.

¶ 27        Regarding defendant's other matter showing bias, we note the circuit court heard the second motion to withdraw as counsel one week before defendant's scheduled bench trial. Given the close proximity to defendant's bench trial, the court allowing defendant to keep Barr or proceed *pro se* was reasonable and did not indicate bias towards defendant. Additionally, "[a] criminal defendant has no right to choose his appointed counsel or insist on representation by a particular public defender." *People v. Wanke*, 303 Ill. App. 3d 772, 782, 708 N.E.2d 833, 841 (1999). Thus, Judge Tucker's refusal to appoint defendant a new attorney does not demonstrate bias.

¶ 28        Accordingly, we find defendant did not meet the threshold requirements necessitating the transfer of the motion for substitution of judge for cause to another judge. Since defendant has not demonstrated an error, he cannot establish plain error.

¶ 29                                B. *Krankel* Inquiry

¶ 30        On appeal, defendant contends his case should be remanded because the circuit

court did not conduct a *Krankel* inquiry. The State asserts any error was harmless. Whether the court properly conducted a *Krankel* preliminary inquiry or whether one was even warranted presents a legal question we review *de novo*. See *People v. Jackson*, 2020 IL 124112, ¶ 98, 162 N.E.3d 223.

¶ 31    A *pro se* posttrial claim alleging ineffective assistance of counsel is governed by the common-law procedure developed by our supreme court in *Krankel* and refined by its progeny. *People v. Roddis*, 2020 IL 124352, ¶ 34, 161 N.E.3d 173. "The procedure encourages the trial court to fully address these claims and thereby narrow the issues to be addressed on appeal." *Roddis*, 2020 IL 124352, ¶ 34. Under the supreme court's procedures, the circuit court does not automatically appoint counsel when a defendant presents a *pro se* posttrial claim alleging ineffective assistance of counsel. *Roddis*, 2020 IL 124352, ¶ 35. Rather, the court first examines the factual basis of the defendant's claim. *Roddis*, 2020 IL 124352, ¶ 35. It does so by conducting some type of inquiry into the underlying factual basis of the defendant's *pro se* ineffective assistance of counsel claim. *People v. Ayres*, 2017 IL 120071, ¶ 11, 88 N.E.3d 732. "Specifically, the trial court must conduct an adequate inquiry ***, that is, inquiry sufficient to determine the factual basis of the claim." (Internal quotation marks omitted.) *Ayres*, 2017 IL 120071, ¶ 11. In doing so, the court considers the merits of defendant's allegations in their entirety. *Roddis*, 2020 IL 124352, ¶ 61.

¶ 32    If the trial court determines the claim lacks merit or pertains only to matters of trial strategy, then the court need not appoint new counsel and may deny the *pro se* claim. *Roddis*, 2020 IL 124352, ¶ 35. "However, if the allegations show possible neglect of the case, new counsel should be appointed." *Roddis*, 2020 IL 124352, ¶ 35. New counsel can then independently evaluate the defendant's claim and avoid the conflict of interest trial counsel

would have in trying to justify his or her own actions contrary to the defendant's position. *Roddis*, 2020 IL 124352, ¶ 36. New counsel also represents the defendant at the hearing on the *pro se* ineffective assistance of counsel claim. *Roddis*, 2020 IL 124352, ¶ 36.

¶ 33 To trigger *Krankel* proceedings, a defendant does not have "to file a written motion but need only bring his or her claim to the trial court's attention." *People v. Patton*, 2022 IL App (4th) 210561, ¶ 102, 213 N.E.3d 971. In other words, "[w]hen a defendant brings a clear claim asserting ineffective assistance of counsel, either orally or in writing, this is sufficient to trigger the circuit court's duty to conduct a preliminary *Krankel* inquiry." (Internal quotation marks omitted.) *Patton*, 2022 IL App (4th) 210561, ¶ 102. On the other hand, if a defendant fails to present a clear claim of ineffective assistance of counsel, the court's duty to conduct a preliminary *Krankel* inquiry is not triggered. *Patton*, 2022 IL App (4th) 210561, ¶ 102. We recognize our supreme court has held a circuit court is required to conduct a *Krankel* inquiry when a defendant states, "I received ineffective assistance of counsel." (Internal quotation marks omitted.) *Ayres*, 2017 IL 120071, ¶ 23.

¶ 34 Defendant contends he was entitled to a preliminary *Krankel* inquiry when the circuit court was addressing Barr's third motion to withdraw as counsel, which was filed after defendant's bench trial, and defendant stated he had filed a motion raising ineffective assistance of counsel and was entitled to a *Krankel* inquiry. In Barr's motion, she had raised defendant's ineffective assistance of counsel claims. Throughout the proceedings in this case, defendant was disruptive in court and spoke out even though he was represented by counsel. Barr continuously raised defendant's complaint of her ineffectiveness. At the joint hearing on Barr's motion and sentencing, the court had defendant removed from the courtroom before the sentencing portion due to his continuous outbursts. The dialogue between defendant and the court indicates

defendant was attempting to thwart and delay the proceedings by saying "ineffective assistance of counsel" and demanding a *Krankel* hearing. Such a finding is supported by the fact defendant also sought reconsideration of his third motion for substitution of judge for cause and insisted it needed to be heard by a different judge. Defendant gave no indication he would respectfully raise other claims of ineffective assistance of counsel. Moreover, the record reflects, throughout the proceedings, Barr would pass along defendant's beliefs and objections on his behalf.

¶ 35    Accordingly, despite defendant's statement of ineffective assistance of counsel, we do not find defendant had any claims in addition to the ones set forth in Barr's third motion to withdraw as counsel. Moreover, a defendant attempting to manipulate the courtroom proceedings by invoking *Krankel* should not be entitled to such proceedings. Thus, we do not find under the facts of this case defendant's comments triggered a *Krankel* inquiry.

¶ 36    Even if defendant was entitled to a *Krankel* inquiry, the circuit court's failure to conduct a preliminary *Krankel* inquiry was harmless error. See *People v. Palomera*, 2022 IL App (2d) 200631, ¶ 63, 205 N.E.3d 145 (applying harmless error to a circuit court's failure to conduct a preliminary inquiry). As noted, Barr continuously raised all of defendant's ineffective assistance claims to the circuit court, and the court denied the claims. Moreover, from our reading of the record, defendant appeared to be obstructing the proceedings and not raising a legitimate claim of ineffective assistance of counsel.

¶ 37                                III. CONCLUSION

¶ 38    For the reasons stated, we affirm the Mason County circuit court's judgment.

¶ 39    Affirmed.